Linda BYRD, Individually, and Linda Byrd, as Executive of the Estate of James Fred Byrd, Plaintiff–Appellant,

v.

MacPAPERS, INC., Medcom Services, Inc., Sun Life Assurance Company of Canada, Inc., Defendants–Appellees.

No. 91–3029.

United States Court of Appeals, Eleventh Circuit.

May 13, 1992.

Mark F. Kelly, Kelly & McKee, P.A., Tampa, Fla., for plaintiff-appellant.

Stephen H. Durant, Martin, Ade, Birchfiedl & Mickler, Susan S. Oosting, Jacksonville, Fla., for MacPapers and Medcom Services, Inc.

Edward C. LaRose, Marie Tomassi, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, Fla., for Sun Life.

Before HATCHETT and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

Plaintiff Byrd sued MacPapers, her deceased husband's former employer, Medcom Services, administrator of MacPapers' employee benefits plan, and Sun Life, insurer of MacPapers' employee benefits plan, in three counts. Count I alleged that MacPapers discharged her husband in January 1986 in violation of § 510 of the Employee Retirement Income Security Act of 1974 ["ERISA"], 29 U.S.C.A. § 1140 (West 1985 & Supp.1991), in retaliation for his refusal to surrender his hospital and disability benefits provided under MacPapers' employee benefits plan. Count II alleged that defendants violated their fiduciary duties under the benefits plan by eliminating benefits that plaintiff was entitled to receive as beneficiary of the plan in contravention of 29 U.S.C.A. § 1109 (West 1985 & Supp.1991). Count III alleged a pendent state law claim for breach of contract. Byrd sought lost wages, benefits, and injunctive relief.

Because § 510 of ERISA does not contain a statute of limitations, the district court borrowed Florida's two year statute of limitations for suits for wages and dismissed Count I with prejudice for failure to satisfy that statute. The court dismissed Counts II and III without prejudice for failure to plead exhaustion of administrative remedies and assigned failure to plead exhaustion as an additional ground for dismissing Count I. Plaintiff was granted 20 days to amend to plead exhaustion of administrative remedies. Plaintiff did not amend within the time provided, and the district court entered a final judgment. Byrd now appeals from the dismissal of Count I with prejudice. She also raises the refusal of the district court to permit her to amend Count I to allege exhaustion, or unavailability, of administrative remedies. No error is asserted with respect to the remaining two counts.

Following Byrd's filing of a notice of appeal, Sun Life moved pursuant to F.R.A.P. 27(a) to dismiss the appeal as to it, relying partially upon a statement in appellant's reply brief that "it appears that Sun Life is not even a proper party to the appeal." Sun Life's motion was carried with the case on appeal and is now granted.

Issues presented are: (1) what is the appropriate statute of limitations for a complaint filed in federal district court in Florida alleging retaliatory discharge under § 510 of ERISA; (2) must plaintiff allege exhaustion of administrative remedies or impossibility thereof when suing for retaliatory discharge under ERISA; and (3) does Byrd's retaliatory discharge claim under § 510 of ERISA lie against Sun Life?

We affirm in part, reverse in part, and remand.

### The statute of limitations

■ Because Congress did not provide a statute of limitations for actions arising under § 510 of ERISA, a federal court hearing an ERISA action must define the essential nature of the ERISA action and apply the forum state's statute of limitations for the most closely analogous action. Characterization of the essential nature of the ERISA action is a matter of federal law. In *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985), the Supreme Court held that "when Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." In selecting the state statute of limitations most appropriate to the federal cause of action, federal courts must first "characterize the essence of the claim in the pending case." *Id.* at 268, 105 S.Ct. at 1942. The Court observed further, "the characterization of [a federal claim] for statute of limitations purposes is derived from the elements of the cause of action, and Congress' purpose in providing it. These, of course, are matters of federal law." *Id.* at 268–69, 105 S.Ct. at 1943.[1]

The Eleventh Circuit followed *Wilson* in *Clark v. Coats & Clark*, 865 F.2d 1237, 1241 (11th Cir.1989), in which we reasoned, "when adopting a state statute of limitations, we first determine the essential nature of the claim under federal law and then focus on the period applicable to such a claim under the most analogous state law claim." *See also Blue Cross and Blue Shield of Alabama v. Weitz*, 913 F.2d 1544, 1551 n. 12 (11th Cir.1990).

■ The district court characterized Byrd's § 510 claim as one for recovery of wages and rejected characterizations of the ERISA claim as a written or unwritten contract dispute or as a personal injury action.

■ We review *de novo* the district court's dismissal of Count I for failure to satisfy the applicable statute of limitations, taking as true all factual allegations contained on the face of the complaint. *See American Postal Workers Union v. U.S. Postal Serv.*, 823 F.2d 466, 469 (11th Cir. 1987). We hold that the district court erred in characterizing Byrd's § 510 claim as one for wages and in applying Florida's two year statute of limitations for claims for wages.

■ The essential nature of plaintiff's claim is that of a suit for benefits denied by MacPapers' wrongful discharge of her deceased husband. Section 510 of ERISA provides a cause of action for such claims as follows:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan....

Florida Statute § 440.205 is most closely analogous to § 510 of ERISA in that it prohibits the discharge of an employee in retaliation for the employee's claim or attempted claim for compensation under Florida's workers' compensation law. The question then is which Florida statute of limitations to apply to actions analogous to those under § 440.205: the four year stat-

---

1. The Supreme Court chiseled a narrow exception to *Wilson* in *Reed v. United Transportation Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), holding that a federal court hearing a federal cause of action should borrow the forum state's statute of limitations when Congress has not expressly provided a limitations period unless a more closely analogous federal statute of limitations exists that would better serve the federal policy interests involved. *Reed*, 488 U.S. at 323–24, 109 S.Ct. at 624–25 (quoting *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983)). The Court noted in *Reed* that application of state limitations periods remains the norm, borrowing of federal statutes of limitations is unusual, and the Court will continue to operate under the assumption "that Congress intends by its silence that [federal courts] borrow state law." *Id.* (citations omitted). No closely analogous federal statute of limitations exists for a § 510 action.

ute for actions founded upon statutory liability, FLA.STAT. ch. 95.11(3)(f) (1991), or the two year statute for actions to recover wages or damages concerning payment of wages, FLA.STAT. ch. 95.11(4)(c) (1991)? We must look to Florida law to determine which statute of limitations governs a claim for benefits denied by a wrongful discharge. *See Coats & Clark,* 865 F.2d at 1241; *Weitz,* 913 F.2d at 1551 n. 12.

The Florida Supreme Court recently applied Florida's four year limitations period to wrongful discharge claims under Florida Statute § 440.205. *Scott v. Otis Elevator Co.,* 524 So.2d 642, 643 (Fla.1988). The court in *Scott* reasoned that a wrongful discharge claim is statutory and tortious in nature rather than resembling a suit for wages. 524 So.2d at 643. It held that an earlier Florida Supreme Court decision, *Broward Builders Exchange, Inc. v. Goehring,* 231 So.2d 513 (Fla.1970), did not govern the question of the appropriate statute of limitations for wrongful discharge suits brought pursuant to Florida statute § 440.205 because *Goehring* was decided before § 440.205 was enacted. 524 So.2d at 642. *Goehring* had held that Florida's two year statute applied to retaliatory discharge claims because these claims necessarily involved wage disputes. The court in *Scott* declared that it had not intended that federal courts rely upon *Goehring* so as to apply the two year statute to wrongful discharge claims. 524 So.2d at 643. Instead it applied the four year statute for actions brought under § 440.205.

The district court rejected *Scott's* reasoning and instead relied upon the Eleventh Circuit's characterization of ERISA actions as suits for wages in *Coats & Clark,* 865 F.2d at 1242. *Coats & Clark,* however, applied Georgia rather than Florida statutes of limitations.

We hold that Florida's four year statute of limitations must be applied in accordance with the Florida Supreme Court's decision in *Scott. See also Hullinger v. Ryder Truck Rental, Inc.,* 548 So.2d 231 (Fla. 1989) (relying upon *Scott* in applying four year statute for statutorily-grounded age-based wrongful discharge claim). Plaintiff,

having filed suit in December 1989 on a cause of action accruing in January 1986, satisfied the applicable statute of limitations.

Exhaustion of administrative remedies

Pursuant to ERISA, employers must establish procedures for reviewing employees' claims under their employee benefit plans. 29 U.S.C.A. § 1133 (West 1985 & Supp.1991). Eleventh Circuit precedent requires employees to exhaust these procedures before filing suit for benefits under ERISA. *Mason v. Continental Group, Inc.,* 763 F.2d 1219, 1227 (11th Cir.1985) (while statute does not contain an express exhaustion requirement, ERISA's legislative history illustrates Congress' intent that courts apply exhaustion requirement), *cert. denied,* 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986); *accord Springer v. Wal-Mart Associates' Group Health Plan,* 908 F.2d 897, 899 (11th Cir.1990). Policy considerations supporting the exhaustion requirement include reducing the number of lawsuits under ERISA, providing a non-adversarial method of dispute settlement, providing uniformity of results within a company, and minimizing cost of dispute settlement. *See* 763 F.2d at 1227.

The Eleventh Circuit warned in *Curry v. Contract Fabricators, Inc. Profit Sharing Plan,* 891 F.2d 842, 846 (11th Cir.1990), that *Mason* should not be read to require exhaustion of remedies in all cases. *Accord Springer,* 908 F.2d at 899. Instead an exception should be recognized for pleading impossibility of exhaustion in cases where claims procedures prove futile. 891 F.2d at 846.

The district court's dismissal of Count I for failure to plead exhaustion of administrative remedies is reviewed for abuse of discretion. *Springer,* 908 F.2d at 899; *Curry,* 891 F.2d at 846-47. Limiting our review to the allegations contained on the face of Byrd's complaint, we hold that the district court did not abuse its discretion in finding that plaintiff failed to plead exhaustion of administrative remedies or impossibility. Plaintiff did not allege anything about whether she pursued any avail-

able relief under the claims procedures terms of MacPapers' employee benefits plan.

We affirm the district court's judgment on the requirement of pleading exhaustion of remedies. Because of our disposition of the statute of limitations issue, we reverse the court's denial of an opportunity for plaintiff to amend Count I to plead exhaustion or unavailability of administrative remedies and allow the case to go forward on remand.

Sun Life's motion to dismiss

■ We grant Sun Life's motion to dismiss the appeal with respect to it. As insurer of MacPapers' employee benefits plan it is not liable on the retaliatory discharge claim alleged in Count I, the only count remaining at this point. Byrd's retaliatory discharge claim under § 510 of ERISA lies only against MacPapers as her deceased husband's employer. *See Gavalik v. Continental Can Co.*, 812 F.2d 834, 851 (3d Cir.) (Congress enacted § 510 primarily to protect employees from unscrupulous employers), *cert. denied*, 484 U.S. 979, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987); *West v. Butler*, 621 F.2d 240, 245 (6th Cir.1980) ("Congress designed § 510 primarily to protect the employment relationship that gives rise to an individual's pension rights"). Sun Life faces no exposure to liability on Count I.

■ During the pendency of this appeal, Sun Life asked without success to be dismissed. Byrd's reply brief concedes that Sun Life is not a proper party to the appeal because only an employer can be sued in a § 510 retaliation action. Sun Life has moved for attorney fees and costs for services on appeal; under the circumstances its motion must be granted.

AFFIRMED in part, REVERSED in part, and REMANDED.