Bryan **WESTCOTT**, an individual, Plaintiff,

v.

George **THOMAS**, Barney Thompson, Baxter Birch, Bill Glueck, Junan Meikle, Dick Shaap, Harry Thompson, George Gardner, M.L. Vaughn, Individually and as Trustees of Florida Auto Dismantlers & Recyclers Association Member Employer, Employee Welfare Benefit Plan; and Joel Kehrer, Lennie Damron, Steve

Holland, Sharon Manchester, Jerry Peppel, Everett Rigsby, Dick Thatcher, Butch Thompson, Jim Seamans, Mike Magna, Bob Eubanks, Karen Chapman, and Brad Rutherford, Individually, and as Directors of the Florida Auto Dismantlers & Recyclers Association and Dealers Association Plan, a Florida Corporation, Defendants.

No. 91–319–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

April 20, 1993.

---

9. There is no Eighth Cause of Action in Plaintiff's Complaint.

William D. Mitchell, Mitchell & Bline, P.A., Tampa, FL, for plaintiff.

Bryan Westcott, pro se.

Gerald S. Livingston, Gerald S. Livingston, P.A., Brad Poole, William F. Poole, P.A., Orlando, FL, Geoffrey B. Dobson, Dobson & Christensen, P.A., St. Augustine, FL, Robert

**1058**

Arthur Carr, Cunningham Law Group, Tampa, FL, for defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

Before this Court for consideration are the Defendant, Pat Crow–Segal's Motion For Summary Judgment (Dkt. # 59), and Memorandum Of Law in Support of Motion For Summary Judgment (Dkt. # 60); Defendants, M.L. Vaughn and Reinecke Agency, Inc., d/b/a Dealers Association Plan's Motion For Summary Judgment (Dkt. # 94), and Memorandum Of Law In Support Of Defendants' Motion For Summary Judgment (Dkt. # 95); Defendants George Thomas's, et al. Motion For Summary Judgment (Dkt. # 101), and Memorandum Of Law In Support Of Motion For Summary Judgment (Dkt. # 102); and Response by Defendants, M.L. Vaughn and Reinecke Agency, Inc., d/b/a Dealers Association Plan to Defendants' George Thomas et al. Motion For Summary Judgment. (Dkt. # 104).

## STANDARD OF REVIEW

This Circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railway Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552.

The Court also stated that Rule 56(e) requires that the nonmoving party go beyond the pleadings and its own affidavits, and, through depositions, answers to interrogatories, and admissions in the case, identify specific facts in order to show that there is a genuine issue for trial. *Celotex Corp.* at p. 324, 106 S.Ct. at p. 2553.

## STATEMENT OF FACTS

The Plaintiff, Bryan Westcott ("Westcott") was a participant and beneficiary of the Florida Auto Dismantlers & Recyclers Association Member Employer, Employee Health and Welfare Benefit Plan ("the Plan") at all times relevant to this litigation.

The Defendants have been named in this action by the Plaintiff, individually and in their capacities as Trustees, Directors, and/or Fiduciaries of the Plan. The Plaintiff, in his Amended Complaint, sets forth four claims of breach of fiduciary duty against all named Defendants.

On October 11, 1983, The Plan was licensed by the State of Florida, through the Department of Insurance, to operate as a Multiple–Employer Welfare Arrangement (MEWA) within the State of Florida, pursuant to Fla.Stat. §§ 624.436—624.44. The Plan continued to operate in this capacity until its liquidation by the Florida Department of Insurance in November of 1988.

During the period from 1980 through 1986, Plaintiff regularly engaged in race car driving on weekends, competing for cash purses ranging from Seventy–Five Dollars ($75.00) to Eight Hundred Dollars ($800.00). Additionally, Plaintiff included the profits and losses he incurred through race car driving in his U.S. Income Tax returns for the years 1982 through 1986.

On or about August 16, 1986, Plaintiff was engaged in driving a race car in a sanctioned automobile race at the Sunshine Speedway. While participating in the race, Plaintiff was involved in an accident in which he suffered severe physical injuries. During the course

of treatment for his injuries, the Plaintiff incurred certain medical and hospital expenses.

Plaintiff subsequently submitted a claim to the Plan seeking reimbursement of the medical and hospital expenses he incurred as a result of the accident. The Plan Administrator reviewed and denied Plaintiff's claim, based upon an exclusion provision within the Plan documents excluding participants from coverage for any bodily injury or illness arising out of, or in the course of, any employment for compensation or profit. The Plan Administrators deemed the Plaintiff's participation in automobile racing for cash purses to be employment for compensation or profit within the meaning of the Plan exclusion provision.

Plaintiff appealed the Plan Administrator's determination of denial to the Board of Trustees of the Plan. The Board sustained the determination of the Plan Administrator.

In March of 1987, after the Board of Trustees' affirmation of the Plan Administrator's denial, Plaintiff filed suit against the Plan in the Circuit Court in and for Pinellas County, Florida, seeking a determination that the Plan Administrators and Board of Trustees wrongfully denied his claim.

On March 21, 1989, Plaintiff obtained a Partial Summary Judgment Order against the Plan, finding that the Plan arbitrarily and capriciously denied the Plaintiff's claim for medical benefits.

During the pendency of the Pinellas County litigation, on or about November 4, 1988, the Circuit Court in and for Leon County entered its Amended Order of Liquidation and Injunction, as a result of a Petition filed by the Florida Department of Insurance, seeking liquidation of the Plan. The Order dissolved the existence of the Plan and provided for an automatic stay prohibiting the commencement or continuance of any judicial action against the Plan, or the enforcement of any judgment against the Plan, pursuant to Section 631.041(1), Florida Statutes. The Amended Order of Liquidation and Injunction also provided a deadline for claims to be filed with the Receiver, on or before November 30, 1989.

In compliance with the Amended Order of Liquidation and Injunction, Plaintiff filed his claim with the Florida Department Of Insurance, Division of Rehabilitation and Liquidation, on November 22, 1989, setting forth the Pinellas County Circuit Court judgment. The Department of Insurance denied Westcott's claim. Plaintiff never filed an objection to the claim denial with the Florida Department of Insurance, nor did he file a subsequent appeal of the Leon County Circuit Court's Final Order approving the denial of the Plaintiff's claim. The filing of an objection, and a subsequent filing of appeal, would have been the correct procedural steps to take in order to continue to pursue the claim through the liquidation proceeding.

In March of 1991 the Plaintiff filed this action under Sections 409(a) and 502(a)(3) of the Employee Benefit Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1109 & 1132(a)(3).

On July 16, 1991, Plaintiff's prior counsel of record in this case made a written request of the Florida Department of Insurance that a claim be filed on behalf of Bryan Westcott in the liquidation proceeding. The request was rejected based upon the denial of Mr. Westcott's previous claim in the same proceeding.

This Court notes that the Plaintiff's counsel of record formally withdrew from this litigation pursuant to this Court's Endorsed Order dated November 4, 1992. Additionally, this Court notes that Plaintiff has failed to file Responses to either Defendants George Thomas', et al. Motion For Summary Judgment and accompanying Memorandum, or to Defendants, M.L. Vaughn and Reinecke Agency, Inc.'s Motion For Summary Judgment and accompanying Memorandum.

## I.  PAT CROW–SEGAL'S MOTION FOR SUMMARY JUDGMENT

Defendant, Pat Crow–Segal filed her Motion For Summary Judgment (Dkt # 59) and Memorandum of Law in Support of Defendant, Pat Crow–Segal's Motion For Summary Judgment (Dkt. # 60) on February 10, 1992. The substance of Defendant Crow–Segal's motion set forth the fact that she had

resigned as a Trustee of the Plan on March 12, 1984, prior to the Plaintiff's accident and subsequent claim submittal.

On July 23, 1992, this Court granted Plaintiff and Defendant, Pat Crow–Segal's joint stipulation dropping Defendant, Pat Crow–Segal as a party to this action. (Dkt. # 79). Thus, this Court finds any determination as to Defendant, Pat Crow–Segal's motion and memorandum for summary judgment to be moot, since Crow–Segal is no longer a party, and the substance of Crow–Segal's motion and memorandum applied only to her status as a Trustee of the Plan.

## II. DEFENDANTS, GEORGE THOMAS', ET AL. AND DEFENDANTS, M.L. VAUGHN AND REINECKE AGENCY, INC.'S MOTIONS FOR SUMMARY JUDGMENT

Defendants, George Thomas, et al. have filed a motion for summary judgment and memorandum asserting three separate grounds for entry of an order of Summary Judgment in their favor. (Dkt. # 101 and # 102). Defendants, M.L. Vaughn and Reinecke Agency, Inc. have submitted a motion for summary judgment and memorandum setting forth an argument substantively identical to that of George Thomas. (Dkt. # 94 and # 95). Further, Defendants, M.L. Vaughn and Reinecke Agency, Inc. have filed a response to Defendants, George Thomas', et al. Motion For Summary Judgment, agreeing with, and adopting, each of the arguments made by Defendants, George Thomas, et al. (Dkt. # 104). Thus, this Court's ruling will apply to all remaining Defendants in this action.

### A. PLAINTIFF'S ENTITLEMENT TO THE MEDICAL BENEFITS SOUGHT

Defendants assert, as their first ground for summary judgment, that Plaintiff has failed to establish his entitlement to certain medical benefits. These benefits, and the Plaintiff's alleged right to them, constitute the basis for at least a portion of Plaintiff's claim for damages in this action.

Pursuant to 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of a qualified ERISA plan. Additionally, 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought by a participant or beneficiary to enjoin any act or practice which violates any provision of ERISA, or the terms of a qualified ERISA plan. Further, any person who is a fiduciary of a qualified ERISA plan, and who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by the terms of the Employment Benefit Income Security Act of 1974 ("ERISA") shall be personally liable for the injuries caused by such breach, according to 29 U.S.C. § 1109(a).

This Court notes that Plaintiff has not cited 29 U.S.C. § 1132(a)(1)(B) as a basis for this cause of action. However, in his claim of relief, Plaintiff has requested benefits due him pursuant to the Plan. Giving Plaintiff the benefit of the doubt, this Court includes, in its analysis of Defendants' motions for summary judgment, this statutory basis, as part of the Plaintiff's claim.

Plaintiff's Amended Complaint sets forth four claims of relief based upon a combination of the above-mentioned statutory provisions, alleging that the Defendants breached their fiduciary duties by failing: (1) to protect the interests of the Plan participants and beneficiaries; (2) to act for the exclusive purposes of providing benefits to the Plan participants and beneficiaries; (3) to discharge their duties in accordance with the Plan documents; and by knowingly concealing, or failing to remedy, the fiduciary breaches of other Trustees, Directors, and/or Fiduciaries of the Plan.

Specifically, Westcott alleges that Defendants failed to obtain sufficient funds for the Plan to pay Westcott's claim for benefits, and failed to inform Westcott that the Plan had insufficient funds to pay his claim. Plaintiff, in his prayers for relief, requests that Defendants reimburse him for any losses he suffered as a result of alleged breaches of their fiduciary duties. Additionally, Plaintiff requests other equitable or remedial relief the Court may deem proper, and that Defendants reimburse all other participants of the plan for any losses such participants may

have suffered due to the Defendants' alleged fiduciary breaches.

Defendants assert that Plaintiff is not entitled to reimbursement of his medical expenses because Plaintiff's claim for such expenses has previously been submitted to the Plan Administrator and the Plan Trustees, both of whom denied the claim under the terms of the Plan. Further Defendants argue that, although the Plaintiff received a final judgment from the Pinellas County Circuit Court stating that the Plan had arbitrarily and capriciously denied Westcott's claim, the Pinellas County Circuit Court action continued during the pendency of the liquidation proceedings of the Plan, in violation of both (a) the Leon County Circuit Court Amended Order of Liquidation issued pursuant to Fla.Stat. § 624.446, and (b) Chapter 631, Fla.Stat., which governs the liquidation of MEWAs, as well as other benefit and insurance arrangements, in the State of Florida.

Defendants request this Court make determinations as to the procedure for liquidation of MEWAs within the State of Florida; the effect of the Leon County Circuit Court Order of Liquidation; and what jurisdiction, if any, the Pinellas County Circuit Court had on March 21, 1989 when it entered its Order in favor of Westcott's Motion for Summary Judgment in that forum.

■ This Court finds it unnecessary to address any of these issues since the mere existence of the Pinellas County Circuit Court Order, and the fact that the Plan was in the midst of liquidation, present a genuine issue of material fact, precluding summary judgment, as to whether the Plaintiff was entitled to the claimed benefits under the terms of the Plan.

**B. PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

■ Defendants assert, as their second ground for summary judgment, that Plaintiff's claim is barred by the doctrine of Res Judicata. Defendant maintains that, even if the Pinellas County Circuit Court order is valid, Plaintiff has failed to take the appropriate steps to collect on that judgment through the liquidation proceeding. Although Plaintiff filed a timely claim with the Department of Insurance, the claim was denied, as was a subsequent request to file a second claim on Plaintiff's behalf. Instead of objecting to the Department of Insurance's administrative finding, or appealing the Leon County Circuit Court's final judgment approving the Department of Insurance's denial of the claim, Plaintiff filed this action. Defendants quote the depositions of two representatives of the Department of Insurance, both of whom state that Plaintiff's claim was denied on two separate occasions by the Department of Insurance, but that the next procedural steps, the objection, and then if that failed, the appeal, were never taken by the Plaintiff.

Thus Defendants assert, the determination of the Florida Department of Insurance, which had become final and binding in the courts of the State of Florida, should likewise be final and binding in this proceeding. Defendants cite *Levy v. Lewis*, 635 F.2d 960 (2nd Cir.1980) for the proposition that the Department of Insurance's determination, and the subsequent final order of the Leon County Circuit Court, bar Plaintiff from bringing this action under the doctrine of Res Judicata, and therefore request that Summary Judgment be granted in their favor.

This Court finds that the material facts asserted by the Defendants with regard to this argument fail to show that, as a matter of law, Plaintiff is barred from bringing this action under the doctrine of Res Judicata. The Eleventh Circuit has stated the four elements of Res Judicata as follows:

"(1) there must be a final judgment on the merits, (2) the decision must be rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases."

*I.A. Durbin, Inc. v. Jefferson National Bank,* 793 F.2d 1541 (11th Cir.1986).

Although the Defendants meet the first two elements of Res Judicata, the third requirement, that of identical parties, or at

least parties in privity with parties in the previous action, is, at best, a question of fact, precluding summary judgment. More importantly, the fourth requirement, that the same cause of action be involved in both cases, is not met in the case at bar because the cause of action in the liquidation proceeding was a claim to collect against the Plan pursuant to a state court judgment, whereas this cause of action is based upon four claims of breach of fiduciary duty against the trustees, directors and/or fiduciaries of the Plan.

Further, the case cited by Defendants, *Levy v. Lewis*, 635 F.2d 960 (2d Cir.1980) does not support a finding of Res Judicata. *Levy* holds that, under certain circumstances, sound judicial administration may require a federal district court to refrain from exercising concurrent jurisdiction over breach of fiduciary duty actions brought under ERISA, where abstention would prevent duplicative litigation in state and federal forums, enable state administrative procedures regarding liquidation of insolvent insurance companies to consolidate all claims against such company in one forum, and promote the federal policy of leaving regulation of insurance matters to the states. *Id.* at 967.

This case is clearly distinguishable from *Levy* in that the state liquidation proceeding has ended, the causes of action in the two forums were not identical, and the MEWA involved here was not an insurance company. Further, the Eleventh Circuit declined to follow *Levy* in a case analogous to the case at bar, holding that while abstention may be appropriate for actions based upon breaches of qualified ERISA plan provisions, claims for breach of fiduciary duties under ERISA are exclusively within federal jurisdiction. *O'Reilly v. Ceuleers*, 912 F.2d 1383 (11th Cir.1990).

However, the material facts Defendants assert in support of their second ground for summary judgment do reflect that the Plaintiff has failed to exhaust his administrative remedies in order to collect from the Plan pursuant to the Pinellas County Circuit Court Final Judgment. The Eleventh Circuit recently held in *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160 (11th Cir.1992) that participants or beneficiaries under ERISA

qualified plans must exhaust established administrative procedures for reviewing participants' claims for benefits under the plan. Policy considerations support the exhaustion of administrative remedies requirement because such procedures, inter alia, reduce the number of lawsuits under ERISA, and provide uniformity of results within a company or plan. *Byrd*, 961 F.2d at 160. Although there are exceptions to the exhaustion of administrative remedies, determination of such an exception is within the sound discretion of the district court. *Id.*

■ If an ERISA qualified MEWA is in liquidation, the proper administrative procedure for pursuing a judgment against the plan is through the state liquidation proceedings. *See In re Affiliated Food Stores, Inc., Group Benefit Trust*, 134 B.R. 215, 220–221 (Bkrtcy.N.D.Tex.1991) (explaining Congressional intent to compromise ERISA's preemptive control in limited areas and recognize permissive grants of regulatory authority to states that enact legislation regulating MEWAs, including the State of Florida.) and *Sabato v. Florida Dept. Of Insurance*, 768 F.Supp. 1562 (S.D.Fla.1991) (explaining the purposes of the Uniform Insurers Liquidation Act, 13 U.L.A. 321–53, which has been adopted by Florida, Fla.Stat. Ch. 631.)

■ Plaintiff filed claims with the Department of Insurance in the liquidation proceeding on two separate occasions, setting forth the Pinellas County Circuit Court Order. However, the Plaintiff failed to follow the administrative procedures to pursue his claim, once the claim was denied. Although the Plaintiff asserts the Defendants have breached their fiduciary duties in several respects, it is apparent that Plaintiff's primary purpose in filing this action is simply to obtain payment of claim he has been denied. However, a condition precedent to the Plaintiff's filing suit under the statutory provisions of ERISA in order to recover benefits due to him under the terms of the Plan is that he exhaust all administrative remedies available prior to filing suit. *See Byrd v. MacPapers, Inc.*, 961 F.2d 157 (11th Cir.1992).

■ Plaintiff has failed to come forward and present some factual evidence that he did indeed attempt to exhaust administrative remedies available to him, or that he is entitled to an exception from this requirement, in order to establish an essential element of his claim, the satisfaction of all conditions precedent to filing suit. In fact, Plaintiff has failed to bring forth any material facts at all in response to the Defendants assertions, since the Plaintiff has failed to file a response to the Defendants' motions for summary judgment and memorandums. Thus, pursuant to *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), this Court finds that the Plaintiff has failed to establish an essential element of his case, to wit, performing all conditions precedent to filing suit under the statutory provisions of ERISA, in order to maintain an action for benefits due the Plaintiff under the Plan.

## C. THE REMEDY PLAINTIFF SEEKS IS BARRED BY THE PROVISIONS OF ERISA

Defendants further assert, as their third ground for summary final judgment against the Plaintiff's claims, that this is an action for extra-contractual damages against the named Defendants in their capacities as fiduciaries of the Plan and, as such, is barred by the Supreme Court's decision in *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

■ As determined above, Plaintiff's claim for reimbursement of medical benefits in this action is barred for failure to exhaust administrative remedies. Plaintiff requests in his prayers for relief, however, that Defendants "make good" generally to Plaintiff any losses he experienced as a result of their alleged fiduciary breaches. Additionally, Plaintiff requests other equitable or remedial relief this Court deems proper, and further requests Defendants also "make good" to the Plan all losses to participants resulting from the alleged fiduciary breaches.

This Court holds that, to the extent Plaintiff personally seeks extra-contractual damages arising from Defendants' alleged breaches of fiduciary duties, such relief is not available under 29 U.S.C. § 1132(a)(3), the civil enforcement provisions provided for breach of fiduciary duties brought pursuant to 29 U.S.C. § 1109. As Defendants point out, *Massachusetts Mutual* prohibits private rights of action by which participants or beneficiaries of an ERISA plan can recover extra-contractual compensatory or punitive damages under the civil enforcement provisions of ERISA. *Massachusetts Mutual*, 473 U.S. at 146–147, 105 S.Ct. at 3092–3093. *See also Vivion McRae v. Seafarers' Welfare Plan*, 920 F.2d 819 (11th Cir.1991) (Reversing a judgment of the Southern District Court of Alabama awarding a beneficiary of an ERISA plan $50,000 in extra-contractual damages.)

■ With regard to the remaining prayers for relief by the Plaintiff in his Amended Complaint, that for equitable relief and for reimbursement by the Defendants to the Plan for losses incurred by the Plan participants generally, as a result of Defendants' alleged breaches of fiduciary duties, this Court finds these prayers for relief to be without merit. Plaintiff has failed, in the two years since this action has been filed, to bring to this Court's attention any facts tending to prove that losses were incurred by the Plan, or the Plan participants and beneficiaries, caused by the Defendants alleged breaches of fiduciary duties, other than the Plaintiff's own claim for reimbursement of medical expenses.

Since Plaintiff has failed to establish any injury from Defendants' alleged breach of fiduciary duties which he may recover in this action, this Court finds that Plaintiff has failed to establish an essential element of his claim, an element that he would bear the burden of proving in at trial. Thus, pursuant to *Celotex Corp.*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, this Court grants Defendants' motion for summary judgment, and finds that Plaintiff is barred by the provisions of ERISA from bringing this cause of action. Accordingly, it is

ORDERED AND ADJUDGED that the Defendant, Pat Crow–Segal's Motion For Summary Judgment (Dkt. # 59) is declared **MOOT**; the Defendants, M.L. Vaughn and

Reinecke Agency, Inc.'s Motion For Summary Judgment (Dkt. #94) is hereby **GRANTED;** Defendants George Thomas', et al. Motion for Summary Judgment (Dkt. #101) is **DENIED** as to Count One, but **GRANTED** as to Counts Two and Three.

**DONE and ORDERED.**