United States Court of Appeals,

Eleventh Circuit.

No. 95-6277.

T.A. MUSICK and James Character, Plaintiffs-Appellants,

v.

GOODYEAR TIRE & RUBBER COMPANY, INC., Defendant-Appellee.

April 23, 1996.

Appeal from the United States District Court for the Northern District of Alabama. (Nos. CV 94-PT-1132-M, CV 94-PT-1348-M), Robert B. Propst, Judge.

Before KRAVITCH and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

The plaintiffs, T.A. Musick and James Character, appeal from the district court's order granting the defendant, Goodyear Tire & Rubber Co., summary judgment. In 1994, almost four years after Goodyear had laid them off from their jobs, the plaintiffs filed suits claiming that the lay-offs were motivated by Goodyear's desire to deprive them of retirement benefits, in violation of section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140. They sought back pay and benefits as well as retirement eligibility credit for the time they were laid-off. The district court determined that a two-year statute of limitations was applicable to the plaintiffs' lawsuits and dismissed them.

The plaintiffs concede that they filed their lawsuits more than two years after their claims accrued (on the date of the lay-offs). But they contend that a six-year statute of limitations governs section 510 actions in Alabama. For the reasons that

follow, we conclude that the district court was correct in determining that a two-year statute of limitations is applicable to section 510 actions brought in Alabama, at least insofar as back pay, back benefits, and retirement eligibility credit are the remedies sought.[1]

## I.

Until 1990, the plaintiffs worked as schedulers, a salaried position, at Goodyear's tire manufacturing plant in Gadsden. The plaintiffs participated in Goodyear's retirement plan for salaried employees. Under that plan, an employee is eligible for full retirement benefits when: (a) he reaches age 55 and has 10 years of service; or (b) he has 30 years of service, regardless of age. The plan is governed by ERISA, 29 U.S.C. § 1001 *et seq.* In early 1990, Goodyear notified a number of workers, including the plaintiffs, that due to a reduction in force they would be laid-off from work. At that time, Musick was 50 years old, and had been employed by Goodyear for 19 years, 10 months. Character was 45 years old, and had been employed by Goodyear for 25 years, 6 months.

In April of 1994, Character was recalled to work at Goodyear's Gadsden plant. Musick was recalled in August of 1994. However, they were not given credit, for purposes of calculating retirement eligibility, for the time they were laid-off. Consequently, the plaintiffs' retirement eligibility dates were approximately four

---

[1]As explained in note 2 on p. 1710, *infra,* this case does not involve any prayer for reinstatement, so we have no occasion to decide whether a different statute of limitations might apply to such a remedy.

years later than they would have been but for the lay-offs.

## II.

In early 1994, Musick and Character commenced separate actions against Goodyear. Each alleged that Goodyear laid him off, failed to transfer him to another department, and failed to recall him to work in a timely fashion, all with the specific intent to deny him retirement and fringe benefits to which he was entitled under his ERISA plan. Each sought to recover past wages, benefits, and retirement eligibility credit equal to the length of time he was laid-off.

The district court consolidated the plaintiffs' cases. Goodyear moved for summary judgment on the ground that the plaintiffs' actions were barred by the applicable statute of limitations. The district court agreed with Goodyear that the plaintiffs' section 510 claims are governed by a two-year statute of limitations. Applying that two-year limitations period, the district court held that claims arising from the plaintiffs' lay-offs were time-barred because Musick was laid-off four years before commencing his action, and Character was laid-off more than three and one half years before commencing his action.

## III.

ERISA does not contain a statute of limitations for section 510 actions. *E.g., Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1241 (11th Cir.1989). Because Congress has not established a time limitation for such actions, "the settled practice has been to adopt a state time limitation as federal law." *Id.* "When adopting a state statute of limitations, we first determine the essential

nature of the claim under federal law and then focus on the period applicable to such a claim under the most analogous state law claim." *Id.* The district court followed this course, and we review its analysis *de novo. Byrd v. MacPapers, Inc.,* 961 F.2d 157, 159 (11th Cir.1992).

"In selecting the state statute of limitations most appropriate to the federal cause of action, federal courts must first "characterize the essence of the claim in the pending case.' " *Id.* (quoting *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985)). Characterization of the essential nature of an ERISA action is a matter of federal law. *Id.* This Court has characterized an ERISA section 510 claim for these purposes on two occasions, establishing the applicable state law statute of limitations for section 510 claims brought in Georgia and Florida. We have yet to establish the applicable state law statute of limitations for claims brought in Alabama. In doing so now, we will adopt or borrow the statute of limitations Alabama law provides for the most analogous state law cause of action. Our previous decisions in which we have performed the same task in Georgia and Florida cases provide useful guidance for deciding which Alabama cause of action is most analogous to an ERISA section 510 claim.

In *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1241 (11th Cir.1989), the plaintiffs were former employees who sued their employer under section 510 of ERISA, seeking back pay, front pay, and reinstatement. The district court held that Georgia's two-year statute of limitations for actions seeking recovery of wages

governed the section 510 claims. *Id.* at 1239. We affirmed the district court's holding insofar as the back pay remedy was concerned. *Id.* at 1242.[2]

The Georgia statute of limitations applicable to wage claims is entitled "Enforcement of rights under statutes, acts of incorporation; recovery of wages, overtime, and damages." O.C.G.A. § 9-3-22 (1982). That section provides that "all actions for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued." *Id.* In upholding the application of that statute of limitations to the plaintiffs' section 510 claims in *Clark,* we reasoned that "[t]he focus of this statute much more narrowly and specifically contemplates the action now before us than does the general language of O.C.G.A. § 9-3-24 governing contract actions. Therefore, the two-year limitations period ... is the most analogous statute of limitations and governs appellants' claims." *Clark,* 865 F.2d at 1242.

In *Byrd v. MacPapers, Inc.,* 961 F.2d 157, 158 (11th Cir.1992), the plaintiff sued her deceased husband's former employer, alleging

---

[2]As to the employees' section 510 claims for reinstatement, however, this Court reversed, and held that Georgia's 20-year statute of limitations applicable to claims for equitable enforcement of statutory rights was applicable. *Clark,* 865 F.2d at 1242.

In this case, we have no occasion to determine which Alabama statute of limitations is applicable to a section 510 claim for reinstatement, because neither plaintiff in this case was seeking reinstatement at the time the district court dismissed the lawsuits. By that time, both plaintiffs had been called back to work, thus mooting any reinstatement remedy.

that the employer discharged her husband because he had refused to surrender medical and disability benefits to which he was entitled under his employee benefits plan. The plaintiff sought recovery of lost wages and benefits, as well as injunctive relief. The district court dismissed the plaintiff's section 510 claim, relying on *Clark* and holding that Florida's two-year statute of limitations governing actions for the recovery of wages barred the plaintiff's claims. We reversed the district court's holding in *Byrd.* In doing so, we characterized the essential nature of the plaintiff's section 510 claim as one for benefits denied by wrongful discharge. *Id.* at 159. Based on that characterization, we reasoned that "Florida Statute § 440.205 is most closely analogous to § 510 of ERISA in that it prohibits the discharge of an employee in retaliation for the employee's claim or attempted claim for compensation under Florida workers' compensation law." *Id.* A four-year statute of limitations governed claims under section 440.205. *Id.* at 160.

We concluded in *Byrd* that the district court, in determining the most closely analogous Florida cause of action, had erred by relying on *Clark* 's analysis of Georgia law. *Id.* Causes of action sometimes vary from state to state, as do statutes of limitation. Alabama, like Florida, has a provision in its worker's compensation statutes addressing retaliatory discharge. Section 25-5-11.1 of the Alabama Code provides that "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter." The Alabama Supreme

Court has held that claims brought under that section are subject to the two-year statute of limitations found in section 6-2-38. *ConAgra, Inc. v. Adams,* 638 So.2d 752, 753-54 (Ala.1994). Likewise, Alabama has a statute of limitations for the recovery of wages that is materially identical to the Georgia provision applied in *Clark.* Section 6-2-38(m) of the Alabama Code provides: "All actions for the recovery of wages, overtime, damages, fees, or penalties accruing under the laws respecting payment of wages, overtime, damages, fees, and penalties must be brought within two years."

There is no provision of Alabama law more closely analogous to a section 510 action than those two provisions; therefore, the more analogous of those two Alabama provisions is the one that determines the statute of limitations period for section 510 ERISA claims in Alabama. The plaintiffs argue that Alabama's general six-year statute of limitations governing "[a]ctions upon any simple contract or specialty not enumerated [specifically]," Ala.Code § 6-2-34(9), should govern section 510 actions in Alabama. We reject this argument for the same reason we rejected it in *Clark:* other provisions of state law "more narrowly and specifically contemplate[ ] the [section 510] action now before us than does the general language" of the state's statute of limitations generally governing contract actions. 865 F.2d at 1242.

Because the two provisions of Alabama law most analogous to a section 510 ERISA action—one for wages, the other for retaliatory discharge—both have a two-year statute of limitations, we need not

decide which is more analogous.  Either way, there is a two-year statute of limitations for filing section 510 claims in Alabama. Accordingly, the district court correctly held that the plaintiffs' lawsuits, which were filed more than two years after the alleged section 510 claims accrued, are time-barred.

AFFIRMED.