[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-8932

_____

D.C. Docket No. 1:98-CV-0348-MHS

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
08/09/99
THOMAS  K. KAHN
CLERK

BRENDA HARRISON,

Plaintiff-Appellant,

versus

THE DIGITAL HEALTH PLAN;
DIGITAL EQUIPMENT CORPORATION;
JOHN HANCOCK MUTUAL LIFE INSURANCE
COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 9, 1999)

Before BLACK and BARKETT, Circuit Judges, and GOLD*, District Judge.

_____

   *Honorable Alan S. Gold, U.S. District Judge for the Southern District of
Florida, sitting by designation.

PER CURIAM:

Brenda Harrison appeals from an order dismissing her lawsuit brought under the Employee Retirement Income Security Act, (ERISA), 29 U.S.C. §§ 1001, *et seq,* against her former employer and health plan administrator for wrongful denial of medical benefits, breach of fiduciary duty, and failure to give proper notice of COBRA continuation of coverage. The district court found that the claims were time barred or failed to state a claim upon which relief may be granted. On appeal, the only issue meriting discussion is whether the district court erred when it borrowed Georgia's one-year statute of limitations applicable to workers' compensation claims rather than the six-year limitations period applicable to actions on a simple contract when it considered the timeliness of Harrison's action for wrongful denial of medical benefits under ERISA. [1] We hold that the district court should have borrowed the limitations period governing contract actions because an action for breach of a contractual relationship is the Georgia claim most analogous to plaintiff's ERISA section 502(a)(1)(B) claim for wrongful denial of medical benefits even though some of the medical claims denied were for the treatment of work-related illnesses.

## I. BACKGROUND

Brenda Harrison was employed by Digital Equipment Corporation from March

---

[1] We find no error in the district court's application of the one-year statute of limitations provided by O.C.G.A. § 9-3-28 to plaintiff's penalty claim for improper notice of continuation of coverage, or in the court's dismissal of plaintiff's claim for breach of fiduciary duty as duplicative of Count I for recovery of medical benefits under 29 U.S.C. § 1132(a)(1)(B).

1, 1982 through August 6, 1992. During her employment, she participated in Digital's self-funded employee health plan which was administered in part by John Hancock Mutual Life Insurance Company. The plan covers employees' expenses for non-experimental care that is medically necessary for the treatment of injury or disease.

In 1989 Harrison became sick after her employer moved her into a new office building. Doctors diagnosed Harrison as suffering from several medical conditions, including multiple chemical sensitivity secondary to "sick building" syndrome. Harrison underwent extensive treatment, including detoxification at the Dallas Environmental Health Center. She submitted her medical claims to the plan for reimbursement, but most were denied. On January 2, 1998, almost three years after she received her final denial letter from the defendants, Harrison filed a lawsuit against Digital, the Digital Health Plan, and John Hancock Mutual Life Insurance Company asserting claims under ERISA for wrongful denial of medical benefits, breach of fiduciary duty, and failure to provide proper notice of COBRA continuation coverage. [2] The trial court dismissed all counts of the complaint finding that the claims for wrongful denial of medical benefits and for failure to provide notice of COBRA

---

[2] Harrison also brought a separate action against Digital alleging claims under the ADA, but the district court in that case granted summary judgment in favor of the employer, finding that Harrison was not a qualified individual with a disability and there was no evidence showing a causal connection between any adverse employment action and her alleged disability. This court affirmed that ruling in *Harrison v. Digital Health Plan,* case no. 95-9557 (11th Cir. March 4, 1997).

continuation of coverage were barred by the statute of limitations and that the claim for breach of fiduciary duty failed to state a cause of action. [3]

## II. ANALYSIS

The district court's interpretation and application of a statute of limitations is a question of law that this Court may review *de novo*. *United States v. Gilbert,* 136 F.3d 1451, 1453 (11th Cir. 1998); *Pinnacle Port Community Ass'n, Inc., v. Orenstein,* 952 F.2d 375, 377 (11th Cir. 1992).

Civil enforcement of ERISA is provided for in section 502 of the Act, codified at 29 U.S.C.A. § 1132.[4] No federal statute of limitations is provided in ERISA for lawsuits to recover benefits under section 502. *Northlake Reg'l Med. Ctr., v. Waffle House Sys. Employee Benefit Plan,* 160 F.3d 1301, 1303 (11th Cir. 1998). When

---

[3] Although Harrison's complaint also alleged several state law claims, those claims were dismissed by the district court on the grounds that they are preempted by ERISA. Harrison raises no objection to the dismissal of the state law claims. *See Swerhun v. Guardian Life Ins. Co.,* 979 F.2d 195 (11th Cir. 1992).

[4] 29 U.S.C. § 1132, entitled Civil Enforcement, provides as follows:
(a) A civil action may be brought--
 (1) by a participant or beneficiary--
   (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
 (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409;
 (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

Congress has not established a statute of limitations for a federal cause of action, the settled practice is for federal courts to borrow the forum state's limitations period for the most analogous state law cause of action when "it is not inconsistent with federal law or policy to do so," *Wilson v. Garcia,* 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1941-42, 85 L.Ed.2d 254 (1985), and there does not exist "a more closely analogous federal statute of limitations." *Byrd v. MacPapers, Inc.,* 961 F.2d 157, 159 n.1 (11th Cir. 1992). There is a longstanding presumption that state law will be the source of the missing federal limitations period. *North Star Steel Co. v. Thomas,* 515 U.S. 29, 35, 115 S.Ct. 1927, 1930, 132 L.Ed.2d 27 (1995). Federal courts should decline to follow a state limitations period "only 'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.' "*Id.* (quoting *Reed v. United Transportation Union,* 488 U.S. 319, 324,109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989)).

When a federal court borrows a limitations period from state law for use in implementing a federal law that does not possess a self-contained statute of limitations, the court is nonetheless applying federal law. For in borrowing the state statute of limitations to impose a time limitation on the federal cause of action, the

5

federal court is "closing the gap" left by Congress in order to fashion a body of federal common law to supplement the federal statutory cause of action. *See Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946)(state limitations periods apply to federal claims, not of their own force, but by virtue of their "implied absorption . . . within the interstices of the federal enactments" through the process of fashioning federal common law); *Glass v. United of Omaha Life Ins. Co.,* 33 F.3d 1341, 1347 (11th Cir. 1994)(Congress intended federal courts to borrow from state law to fashion body of federal common law to govern ERISA lawsuits). Georgia is the forum state in this case, so the district court was required to borrow the Georgia statute of limitations for the state law claim most analogous to plaintiff's ERISA claims. *See Blue Cross & Blue Shield v. Sanders*, 138 F.3d 1347, 1356 (11th Cir.1998); *T.A. Musick v. Goodyear Tire & Rubber Co.,* 81 F.3d 136, 138 (11th Cir. 1996).

In selecting the state limitations period most relevant to the federal cause of action, the district court must first characterize the essential nature of the plaintiff's claim. *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237, 1241 (11th Cir. 1989). "The characterization of [a federal claim] for statute of limitations purposes is derived from the elements of the cause of action, and Congress' purpose in providing it. These, of course, are matters of federal law." *Wilson,* 471 U.S. at 268-69, 105 S.Ct. at 1943.

6

After characterizing the essential nature of the claim, the court must borrow the limitations period for the most analogous state law claim. *Byrd,* 961 F.2d at 159; *Clark,* 865 F.2d at 1241.

Through ERISA, Congress sought to protect the interests of participants in employee benefits plans by regulating the administration of such plans and by providing participants and beneficiaries with a variety of remedies to assure compliance with the statutory framework. *See* 29 U.S.C. § 1001 (b). Harrison's complaint seeks relief pursuant to ERISA sections 502(a)(1)(B) and 502(a)(3). Under section 502(a)(1)(B), a plan participant may bring an action to recover benefits due under the terms of the plan. Section 502(a)(3) permits a plan participant to seek "appropriate equitable relief" to remedy an ERISA violation.

Count I of Harrison's complaint makes the following allegation: "the Plan provides benefits ... for care that is medically necessary for the treatment of an injury, disease, or pregnancy and is rendered by an eligible provider. The Plan excludes experimental treatment and treatment not approved by the AMA. ... Having sought recognized, non-experimental diagnoses and treatment...Plaintiff is entitled to recover benefits under the Plan denied to her, including reimbursement of all medical expenses." Thus, the essential nature of plaintiff's claim is to recover medical benefits that were allegedly wrongfully denied under the terms of the plan.

Harrison argued before the district court, and now on appeal, that her claim to enforce payment of medical benefits under section 502 (a)(1)(B) is essentially an action for breach of contract and therefore Georgia's six-year statute of limitations for actions on a simple written contract, O.C.G.A. § 9-3-24, is the state limitations period the federal court should borrow. [5] We have never characterized a section 502(a)(1)(B) action for statute of limitations purposes, but in *Blue Cross & Blue Shield v. Sanders,* 138 F.3d 1347 (11th Cir.1998), we held that an ERISA fiduciary's action to enforce the reimbursement provision of a plan pursuant to § 502 (a)(3) is closely analogous to a simple contract action brought under Alabama law and should therefore be governed by Alabama's six-year limitations period for a simple contract.[6] *Id.* at 1357. As we noted in *Sanders,* other circuits have used state contract law to establish

_____

[5]
 Georgia's statute of limitations for contract actions, O.C.G.A. § 9-3-24, provides that "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable."

[6]
 In *Sanders,* we distinguished a section 502 action for recovery of benefits under the terms of a plan from other ERISA actions, finding it "entirely dissimilar" to the section 510 ERISA lawsuit brought by employees in *Musick v. Goodyear Tire & Rubber Co.,* 81 F.3d 136 (11th Cir. 1996), which alleged that the employer initiated layoffs in order to deprive them of their pension benefits. Because the essential nature of a section 510 action is different from an action to recover benefits under the terms of a plan, the section 510 action was governed by Alabama's two-year statute of limitations applicable to claims for wages and claims for retaliatory discharge for seeking workers' compensation. *Sanders,* 138 F.3d n. 10 at 1357. *See also Byrd v. MacPapers, Inc.,* 961 F.2d 157 (11th Cir. 1992)(section 510 action brought against former employer of plaintiff's deceased husband, who was discharged allegedly because he refused to surrender his hospital and disability benefits, was governed by four-year limitations period for wrongful discharge actions brought under Fla. Stat. § 440.205).

8

limitations periods for civil enforcement actions brought under 29 U.S.C. §1132. *Id.* n.9. A survey of decisions from other circuits shows that almost without exception, federal courts have held that a suit for ERISA benefits pursuant to section 502 (a)(1)(B) should be characterized as a contract action for statute of limitations purposes. *E.g.*, *Hogan v. Kraft Foods,* 969 F.2d 142, 145 (5th Cir. 1992)(four-year Texas limitations statute governing suits sounding in contract is most analogous to plaintiff's claim for benefits under § 502(a)(1)(B)); *Meade v. Pension Appeals & Review Comm.,* 966 F.2d 190, 195 (6th Cir. 1992)("courts have uniformly characterized section 1132(a)(1)(B) claims as breach of contract claims for purposes of determining the most analogous statute of limitations under state law"); *Johnson v. State Mut. Life Assur. Co. of Am.,* 942 F.2d 1260, 1263 (8th Cir. 1991)("we agree with those federal courts that have held, without exception to our knowledge, that a suit for ERISA benefits under § 1132(a)(1)(B) should be characterized as a contract action for statute of limitations purposes, unless a breach of the ERISA trustee's fiduciary duties is alleged"); *Held v. Manufacturers Hanover Leasing Corp.,* 912 F. 2d 1197, 1207 (10th Cir. 1990)("cases typically hold that an ERISA action for benefits is analogous to a state-law action upon a contract"); *Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge,* 827 F.2d 1324, 1328 (9th Cir. 1987)(appellate court will borrow forum state's statute of limitations governing breach

of contract claims for ERISA civil collection actions so long as application of state statute's time period would not impede effectuation of federal policy); *Dameron v. Sinai Hosp.*, 815 F.2d 975, 981 (4th Cir. 1987)(ERISA claim for breach of duty to provide benefits under plan is analogous to a breach of contract action); *Jenkins v. Local 705 Int'l Bhd. of Teamsters Pension Plan,* 713 F.2d 247, 251-52 (7th Cir. 1983)(characterizing action to recover plan benefits brought under 29 U.S.C. § 1132(a)(1)(B) as a contract action); *see also* Jim Greiner, *Federal Common Law and Gaps in Federal Statutes,* 93 Mich. L. Rev. 382, 384 (1994)("The majority of courts considering this limitation issue in the context of a section 502(a)(1)(B) suit have applied the state statute of limitations for actions on a written contract."); *see also Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 147, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)(referring to ERISA plan benefits as "contractually authorized benefits"); Todd M. Worscheck, Comment, *Eighth Circuit Struggles to Select Appropriate Statute of Limitations for ERISA Claims*, 18 Wm. Mitchell L. Rev. 861, 887 n. 62 (1992)(benefits actions brought under ERISA § 502, 29 U.S.C. § 1132, are generally characterized as breach of contract actions).

Appellees argue that this case requires a departure from the ordinary rule because many of the plaintiff's medical claims were for treatment of illnesses allegedly caused by exposure to toxic substances in the workplace; therefore, her

claim is most analogous to a claim for occupational injuries brought pursuant to Georgia's Workers' Compensation Act, O.C.G.A. sections 34-9-280 *et seq.* [7] Agreeing with the appellees' argument, the district court borrowed O.C.G.A. section 34-9-281(b)(2) which provides a one-year limitations period for employees' claims against employers for compensation for an occupational disease. [8] But in borrowing the statute of limitations applicable to workers' compensation claims for occupational diseases, the trial court failed to recognize that the nature of plaintiff's section 502 claim for reimbursement of health benefits under a plan is entirely dissimilar to an employee's claim for workers' compensation benefits.

The primary purpose of workers' compensation acts is to provide compensation for disability or death resulting from occupational injuries or diseases. *See Hadsock v. J.H. Harvey Co.,* 442 S.E.2d 892, 894 (Ga. App. 1994). The Georgia workers' compensation statute applicable to occupational diseases requires an employer to provide compensation to an employee disabled by a disease which arose out of and

---

[7] The Workers' Compensation Act provides for compensation, including payment of medical expenses, for diseases arising directly out of the conditions of employment. O.C.G.A. § 34-9-282. There are two statutes of limitations in the Act; a statute generally applicable to compensable injuries, O.C.G.A. § 34-9-82, and a specific statute of limitation applicable to occupational diseases, O.C.G.A. § 34-9-281(b)(2). Both statutes provide for only a one-year limitations period.

[8] It is undisputed that if a one-year statute of limitations is applied, Harrison's claims are time barred because it is clear from the face of her complaint that she did not file her claims within a year from the time her cause of action accrued.

in the course of the employment ... "and has resulted from a hazard characteristic of the employment in excess of the hazards of such disease attending employment in general." O.C.G.A. 34-9-281. Workers' compensation is not insurance in the ordinary sense of the term and is not intended to replace general health and accident insurance. *See* 9 Couch on Insurance, § 133:2 (3d ed.1998 Supp.); *State Insurance Fund v. Mather,* 210 B.R. 838 (10th Cir. 1997) (workers' compensation is not a 'plan,' but a statutorily mandated system requiring employers to spread risks of work-related injuries.). Nor is workers' compensation based on a contract implied by law between the employer and the employee. *Cudahy Packing Co. v. Parramore,* 263 U.S. 418, 423, 44 S.Ct. 153, 154, 68 L.Ed. 366 (1923). It is a form of strict liability requiring employers to compensate employees for injuries or diseases arising out of the course of employment regardless of fault. *Travelers Ins. Co. v. Southern Elec., Co.,* 434 S.E.2d 507, 509 (Ga. App. 1993).

In contrast, an employer's obligation to provide medical benefits under an ERISA plan is contractual. *See Massachusetts Mut. Life Ins. Co.,* 473 U.S. at 147; 105 S.Ct. at 3092. A plaintiff's action to enforce the medical benefits provision of a self-funded ERISA plan is essentially a lawsuit by an employee against her employer for breach of contract. Accordingly, the district court should have borrowed Georgia's statute of limitations for an action on a written contract. This result is supported by

Georgia law. In Georgia, a lawsuit to enforce payment of medical benefits on an insurance policy is governed by the six-year statute of limitation applicable to actions on a contract. *Hawkins v. Travelers Ins. Co.,* 290 S.E.2d 348, 353 (Ga. 1982).

There is also a practical reason for not borrowing the workers' compensation statute of limitations. Some of the unpaid medical claims were related to colds, the flu, a sprained ankle and other non-work related claims. Clearly these claims unrelated to work cannot be barred by a workers' compensation statute of limitations. If the workers' compensation statute of limitations was borrowed, each of plaintiff's claims would have to be separately analyzed to determine whether it was work related, and then further categorized to determine whether the claim falls within workers' compensation coverage.[9] For statute of limitations purposes, it should make no difference if the illness originated in the workplace or elsewhere.

## III. CONCLUSION

For the reasons stated in this opinion, we reverse that portion of the district court's order that dismissed plaintiff's ERISA section 502(a)(1)(B) claim for medical benefits and remand for proceedings not inconsistent with this opinion. The final judgment is otherwise affirmed. [10]

---

[9] In fact the plaintiff did make a claim for workers' compensation which was contested by Digital.

[10] On remand, the court shall also consider John Hancock Mutual Life Insurance Company's motion

AFFIRMED in part, REVERSED in part, and REMANDED.

---

to dismiss which was rendered moot when Digital's motion to dismiss was granted.