WHEELING CORRUGATING COMPANY, Plaintiff,

v.

UNIVERSAL CONSTRUCTION COMPANY, INC., et al., Defendants.

Civ. A. No. C83–0599A.

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 26, 1983.

**488**

Jay L. Lubetkin, Atlanta, Ga., for plaintiff.

Aubrey L. Coleman, Jr., Atlanta, Ga., for defendants.

### ORDER

SHOOB, District Judge.

This is an action by a supplier against a contractor and its surety for the value of materials supplied to a subcontractor but allegedly never paid for. The complaint includes claims under a payment bond and for unjust enrichment. Before the Court is a motion by the defendants to dismiss because of lack of personal jurisdiction or, alternatively, for change of venue.

The plaintiff is a division of a Pennsylvania corporation with its principal place of business in Pennsylvania. The defendant Universal Construction Company, Inc. ("Universal") is a Delaware corporation with its principal place of business in Decatur, Alabama. The defendant Federal Insurance Company ("Federal") is a New Jersey corporation with its principal office in New Jersey. Both defendants have obtained certificates of authority to do business in the state of Georgia.

The dispute arises out of a contract between the plaintiff and a subcontractor, Hall Metal Products, Inc. ("Hall"), a Georgia corporation. Hall obtained materials from the plaintiff and furnished them to another intermediary which in turn furnished them to Universal for use on a construction site in Alabama. The plaintiff shipped the materials to Hall in Alabama from its North Carolina plant. The only connection this series of events had with Georgia before the complaint was filed was that Hall, the direct purchaser of the materials, was a Georgia corporation.

The defendants contest personal jurisdiction in this case by arguing that none of the events underlying the dispute occurred in Georgia. The plaintiff argues that because both defendants have qualified to do business in Georgia and have appointed an agent for service of process, there is jurisdiction over those defendants in Georgia. In *Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd.,* 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939), the Supreme Court held that the appointment of an agent for service of process constituted consent to be sued in that state, and said that "whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person." Id. at 175, 60 S.Ct. at 158 (quoting *Bagdon v. Philadelphia & Reading C. & I. Co.,* 217 N.Y. 432, 436–7, 111 N.E. 1075). Although *Neirbo Co.* primarily concerned issues of venue, its holding applies equally to the issue of personal jurisdiction, and the Court finds jurisdiction over the defendants to exist here.

Even if the Court did not affirmatively hold that personal jurisdiction exists, the Court would have to deny the defendants' motion to dismiss because the defendants have offered no evidence by way of affidavits or otherwise to support their challenge to personal jurisdiction. The affidavits they offered addressed only the question of venue. As movants, the defendants have the burden of showing some substantiated reason why they should prevail, but they have not met that burden here.

The defendants have moved in the alternative for a change of venue. They seek transfer of the case to the Northern District of Alabama because the defendants do most of their business within that district, the construction site is located there, and their witnesses reside there. The plaintiff opposes change of venue, arguing that the Northern District of Georgia is not incon-

venient and that the plaintiff's choice of forum should be given great weight.

Although the issue is not squarely addressed by the parties, it appears that the location of the action may significantly affect the availability of witnesses. The defendants would have no trouble obtaining their own employees as witnesses to testify in Georgia even if the employees had to travel in order to do so. The plaintiff, on the other hand, may need to subpoena witnesses from Hall, the Georgia company to which it directly sold the materials. The witnesses from that company presumably reside in Georgia. Since those witnesses would likely be adverse to the plaintiff, it would be far better for the plaintiff to be able to secure their attendance in court by subpoena than for it to be forced to rely upon their goodwill.[1]

The plaintiff's choice of forum should generally be respected unless there are good reasons for changing venue. Here the plaintiff's choice is buttressed by the availability of witnesses whom it might not have access to in another district. That guarantee of availability of the plaintiff's witnesses on the one hand outweighs the possible inconvenience to the defendants of having to ask their employees to travel at most 200 miles in order to testify. For these reasons, the plaintiff's choice should prevail here.

For these reasons, the Court DENIES the motion by the defendants to dismiss the case for lack of personal jurisdiction or, alternatively, for change of venue.

IT IS SO ORDERED, this 26th day of September, 1983.

1. The Court places little weight upon the allegation in the complaint, relied upon by defendants in their motion, that Hall "appears to have absconded" from Georgia. Even if the plaintiff will not succeed in obtaining witnesses from Hall, it should be given a fair chance to seek their attendance by subpoena.