**Anna L. SPENCER, Plaintiff,**

v.

**DEPARTMENT OF HUMAN RESOURCES, et al., Defendants.**

**Civ. A. No. C82–2735A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 13, 1983.

---

**9.** News Clips has since raised its price per tape to $65.

David R. Sweat, Nelson & Sweat, P.A., Athens, Ga., for plaintiff.

Gary R. Hurst, Asst. Atty. Gen., Atlanta, Ga., William C. Rumer, Grogan, Rumer and Gunby, Columbus, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

The gravamen of plaintiff's complaint is that she was discriminated against on the basis of her sex, race and her exercise of her First Amendment right to free speech in violation of 42 U.S.C. §§ 2000e, *et seq.,* 42 U.S.C. §§ 1981 and 1983, and the First Amendment to the United States Constitution. She seeks a declaratory judgment as to her rights, a permanent injunction restraining defendants from maintaining an allegedly discriminatory employment policy, restitution, and compensatory and punitive damages. Jurisdiction is pursuant to 28 U.S.C. §§ 1331, 1343(3), 1343(4), 2201 and 2202.

Presently before the court is defendants' motion[1] for change of venue to the United States District Court for the Middle District of Georgia, Columbus Division.

## FACTS

Plaintiff Anna L. Spencer is currently a Health Service Technician of the Child and Adolescent center of the Columbus, Georgia, Department of Public Health. The Department of Public Health is a division of the Department of Human Resources, a defendant in this case.

Plaintiff held the higher position of Senior Health Service Technician until May, 1981. Her demotion to her current position is the subject of this action. Plaintiff alleges that the demotion was a result of her race and sex, as well as her complaints about abuses within the Child and Adolescent Center.

Defendant Camp is the District Health Director of the Columbus Department of Health, defendant Carlson is the Coordinator for the Child and Adolescent center, and defendant Aronoff is the former Director of the Mental Health/Mental Retardation Program of the Columbus Department of Health.

Plaintiff and defendants Camp and Carlson are residents of Columbus, while defendant Aronoff resides in Indiana. Defendant Department of Human Resources has its principal office in Atlanta.

## DISCUSSION

In moving to transfer this action to the Columbus Division of the Middle District Court, defendants point to the following contacts with that forum:

(1) the controversy arises out of transactions allegedly occurring in Columbus;

(2) substantially all the books, records, documents and exhibits (specifically the employment personnel files) relevant to this case are located in Columbus;

(3) plaintiff's residence and place of employment is Columbus;

---

1. There are actually two motions for change of venue: a joint one filed by defendants Department of Human Resources, Camp, and Aronoff, and another filed by defendant Carlson alone. Because the motions and briefs are identical, the court is treating them as one.

(4) two defendants reside in Columbus;

(5) defendant Department of Human Resources maintains an office in Columbus;

(6) defendants' expected witnesses reside in Columbus;

(7) many of plaintiff's potential witnesses, as identified in her Responses to Interrogatories, reside in Columbus.

With all these contacts, defendants contend that the more convenient forum would be Middle District Court, Columbus Division. Defendants stress that defendants Camp and Carlson and defendants' witnesses are involved in health care and that it is important that their absence from work be minimized.

Plaintiff's main opposition to the proposed transfer is that a plaintiff's choice of forum should be given great weight. She also objects that the transfer would merely shift the inconvenience of defendants to her by requiring her to subpoena "no-doubt unwilling witnesses" who reside in Atlanta,[2] as well as documents located in defendant Department of Human Resources' Atlanta office. Plaintiff further argues that the transfer would inconvenience the Atlanta witnesses and defendant Department of Human Resources. Finally, plaintiff submits that the public has an interest in the litigation since policies, procedures and conduct of a state agency are at issue, and that Atlanta is the better place for the dispute to be resolved.

■ The authority for transferring a civil action is found in 28 U.S.C. § 1404(a):

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

Based upon the pleadings, there is no question that plaintiff could have brought her action before the proposed transferee court. Thus, it is within this court's discretion to determine the propriety of a transfer. *See*

*Bearden v. United States,* 320 F.2d 99, 101 (5th Cir.), *cert. denied,* 376 U.S. 922, 84 S.Ct. 679, 11 L.Ed.2d 616 (1963).

■ The party seeking to transfer an action has the burden of proving that the inconvenience to the moving party if the case is not transferred sufficiently outweighs the burden which transfer would impose on the non-moving party. As the Supreme Court stated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

This court has said this rule another way:

> The movant has the burden of making a strong case for transfer and if the transfer would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be denied.

*Grey v. Continental Marketing Associates, Inc.,* 315 F.Supp. 826, 831 (N.D.Ga.1970).

■ The court finds that a transfer to the Middle District, Columbus Division, would greatly convenience the defendants and their witnesses, while only slightly inconveniencing plaintiff. Defendants' motion is therefore GRANTED. *Richman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 441 F.Supp. 517 (S.D.N.Y.1977); *EEOC v. Parish Water Work's Co, Inc.,* 415 F.Supp. 124 (E.D.La.1976).

---

2. Plaintiff identifies Drs. Joe Edwards, Ilphan Ermutlu, and Virginia Hinton, who were originally named as defendants in this action but then dismissed, as three witnesses who may have to be subpoenaed.