**Allen GOLDSTEIN, Plaintiff,**

v.

**KELLWOOD COMPANY, Administrator of Kellwood Company Pension Fund, Trustee, Kellwood Company Pension Fund, Defendants.**

**Civil Action No. 1:94–CV–2883–WBH.**

United States District Court,
N.D. Georgia.

Jan. 5, 1996.

Matt Shade, Thompson & Associates, Atlanta, Georgia, for Plaintiff.

Marc H. Salm, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Georgia, James N. Foster, Jr. and Geoffrey Gilbert, St. Louis, Missouri, for Defendants.

## *ORDER*

HUNT, District Judge.

Plaintiff Allen Goldstein brings this suit against defendants Kellwood Company ("Kellwood"), the administrator of the Kellwood Company Pension Fund (the "Administrator"), and the trustee of Kellwood Company Pension Fund (the "Trustee").[1] Goldstein alleges that defendant Kellwood breached an oral employment contract and claims that he is entitled to severance pay, vacation pay, and pension benefits under the Kellwood Company Pension Plan (the "Kellwood Pension Plan") and the Kellwood Company Severance Assistance Plan (the "Severance Plan"). A portion of plaintiff's claims arise under the Employee Retirement Security Act ("ERISA"). The following motions currently are pending: 1) defendants' motion to transfer the case to a more convenient forum pursuant to 28 U.S.C. § 1404(a) [4]; 2) defendants' motion for partial summary judgment [20]; 3) defendants' motion requiring plaintiff to demand a jury trial if plaintiff

---

1. Although plaintiff brings his claims against three defendants, only the Administrator and defendant Kellwood have been served. Throughout this order, the term "defendants" includes the Administrator and Kellwood. The status of plaintiff's case against the Trustee is addressed in the section V of this order. *See infra* p. 1089.

desires a trial by jury [3]; 4) plaintiff's motion demanding a jury trial [8]; 5) defendants' motion to strike plaintiff's jury trial demand as to plaintiff's ERISA claims [9]; 6) plaintiff's motion to compel defendant Kellwood to answer plaintiff's interrogatories and to produce documents [13]; and 7) plaintiff's motion to extend time to respond to defendants' motion for partial summary judgment [21].

## BACKGROUND

Plaintiff was affiliated with G & O Manufacturing Company ("G & O") as a Sales Representative and Regional Sales manager from 1984 until January, 1988. In January, 1988 G & O was acquired by defendant Kellwood, and plaintiff became affiliated with Kellwood. G & O maintained a pension plan for employees, the G & O Manufacturing Company Pension Plan ("the G & O Plan"). Participation in the G & O Plan was provided to all G & O employees who had attained one (1) year of service as an employee and reached age twenty-one (21). After Kellwood acquired G & O, the G & O Plan was merged into the Kellwood Pension Plan. The Kellwood Pension Plan is a benefit retirement plan that provides for the payment of retirement benefits to participants after termination of employment and attainment of stated retirement ages. Participants in the G & O Plan were credited in the Kellwood Pension Plan.[2]

Kellwood also maintains a severance plan which provides for payment of severance benefits to terminated employees. The payments are made only to employees terminated for certain reasons defined in the Severance Plan. Plaintiff contends, and defendants dispute, that he never received severance pay benefits.

With regard to both the Kellwood Pension Plan and the Severance Plan, the parties disagree as to whether plaintiff followed the requisite administrative steps required before filing suit. Both plans include a claim and appeal procedure. Defendants claim, however, that plaintiff failed to appeal the denial and forfeiture of his benefits and, therefore, cannot file suit for the benefits.

Plaintiff's breach of contract claim is connected to an alleged oral agreement. In March, 1992, Kellwood scheduled a sales meeting for all of its salespersons in Florida. Prior to the meeting, the former owner of G & O and the Kellwood president of the G & O facility, David Grossman, told plaintiff that Kellwood wanted plaintiff to move to New York. Plaintiff then wrote a letter to Leon McWhite, the head of his division, expressing his disappointment about his potential transfer to New York. Plaintiff followed his letter with a phone call to McWhite. In the ensuing conversation, McWhite told plaintiff not to worry and explained they could discuss the matter at the Florida meeting.

In Florida, plaintiff, plaintiff's wife, and McWhite played golf together. During the golf game, McWhite and plaintiff had a conversation about the New York transfer. According to plaintiff, McWhite stated:

> Allen, I told you not to worry about Mr. Grossman. You work for Kellwood. You work for me. He cannot fire you and he cannot force you to move to New York.... Mr. Grossman will be retiring soon. I don't know exactly when, but he'll be retiring soon. And I guarantee you that I will not make changes with you for at least two years, because that's how long its going to take to get this mess cleaned up. And don't worry about it. I want you to go back with all the initiative to do your job knowing that you are not going to be fired or your status is not going to change.

McWhite and plaintiff had a similar conversation the following day. Based on the foregoing, plaintiff believed that he had an oral contract for employment for a period of two (2) years after Grossman retired. Grossman retired in March, 1993. In April, 1993, Craig Gendel, President of Kellwood, informed plaintiff that he would be transferred to New York. Plaintiff did not want to move and reminded McWhite of their conversation on the golf course. Kellwood and the plaintiff attempted to work out an agreement whereby plaintiff could remain in Atlanta on a non-

---

2. The parties disagree as to whether plaintiff was a participant in the G & O Plan or was eligible for benefits under the Kellwood Pension Plan. This issue is addressed *infra* n. 4.

employee commissioned sales arrangement, but the parties were unable to reach a final agreement. Plaintiff claims that the agreement tendered by Kellwood was unacceptable. Kellwood then terminated plaintiff's employment through written correspondence dated February 3, 1994.

## I. DEFENDANTS' MOTION FOR TRANSFER TO A MORE CONVENIENT FORUM

Defendants' have filed a motion for transfer of this case to a more convenient forum, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants argue that the United States District Court for the Eastern District of Missouri is a more appropriate forum.

■ In *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the Supreme Court discussed the doctrine of *forum non conveniens* and noted that courts can transfer an action to another forum after considering factors such as access to the sources of proof, location of witnesses, and "other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 508, 67 S.Ct. at 843. The Supreme Court cautioned that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id.* Defendants' burden of demonstrating inconvenience is not as high, however, under section 1404(a). As the Supreme Court explained in a subsequent case, "[w]hen congress adopted § 1404(a), it intended to more than just codify the existing law on *forum non conveniens. . . .* This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). Nonetheless, under section 1404(a), defendants still have the burden of demonstrating "good reasons for changing venue." *Wheeling Corrugating Co. v. Uni-*versal *Construction Co., Inc.*, 571 F.Supp. 487, 489 (N.D.Ga.1983). Defendants must prove "that the inconvenience to the moving party if the case is not transferred sufficiently outweighs the burden which the transfer would impose on the non-moving party." *Spencer v. Department of Human Resources*, 572 F.Supp. 1198, 1200 (N.D.Ga.1983).

■ The Court has considered carefully the arguments presented by defendants, but finds that the inconvenience to the defendants if this case is not transferred does not outweigh the burden which a transfer to the Eastern District of Missouri would place on the plaintiff. Considering the age of this case, the Court finds it most appropriate to address the pending motions at this time in this forum. Thus, defendants' motion to transfer the case to a more convenient forum [4] is DENIED.

## II. DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

■ Defendants submit a motion for partial summary judgment with respect to plaintiffs' claim that Kellwood breached the alleged oral contract of employment and with respect to plaintiff's claims for pension benefits and severance pay. Summary judgment shall be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). When the nonmoving party will bear the burden of proof at trial, the moving party cannot prevail on summary judgment unless it shows that the nonmoving party has no evidence to support its position, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), or presents affirmative evidence showing that the nonmoving party will not prevail on the issue at trial, *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir.1993). If the moving party meets this initial burden, the burden shifts to the nonmoving party to present evidence, beyond the pleadings, that supports its position that there is a triable issue of material fact. *Id.* at 1116.

A) Plaintiff's Claim for Breach of Oral Contract

■ Goldstein maintains that he had an oral employment contract with Kellwood for two years after David Goldman's retirement. Because such a contract could not be performed within one year, Georgia law requires that it be in writing. O.C.G.A. § 13–5–30. However, even an oral employment contract that cannot be performed within one year is enforceable "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel performance." O.C.G.A. § 13–5–31(3). In response to defendants' motion for summary judgment as to this claim, plaintiff alleges that, subsequent to the oral contract, he refused employment with Toombs County Manufacturing and with Tres Chic Lingerie during 1993. Plaintiff claims that his refusals constitute part performance and remove the oral contract from the statute of frauds. Beyond his assertions, Goldstein offers no evidence of these employment opportunities.

■ Partial performance is sufficient to enforce an oral agreement when the performance is "essential to the contract, that is, required by its terms, such that a benefit is conferred upon the employer, with a consequent loss to the employee which renders the court's refusal to enforce the contract tantamount to a fraud upon the employee." *Hudson v. Venture Indus., Inc.,* 243 Ga. 116, 252 S.E.2d 606, 608 (1979). Giving up another job or refusing another offer of employment does not constitute partial performance sufficient to avoid the requirements of the statute of frauds. *Slater v. Jackson,* 163 Ga.App. 342, 294 S.E.2d 557, 558–59 (Ga.Ct.App.1982). Nevertheless, Goldstein argues that his situation is unique because he did not turn down another offer of employment in preparation for his position with Kellwood, but instead refused offers while he was employed by Kellwood. The distinction is not significant; although plaintiff claims he was unable to find a case which mirrors the facts of his case, in *Morris v. Virginia–Carolina Chemical Corp.,* 48 Ga.App. 702, 173 S.E. 486 (1933), the Georgia Supreme Court declined to enforce an oral contract even though the employee refused another offer of employment after he began to perform pursuant to the oral agreement.

■ Alternatively, even if Goldstein's refusal of other employment offers constitutes partial performance, the oral contract is too indefinite for the Court to enforce. "Like written contracts, oral contracts must be certain and definite in their terms." *Pharr v. Olin Corp.,* 715 F.Supp. 1569, 1573 (N.D.Ga.1989). When describing the conversation which serves as the basis for the alleged oral agreement, plaintiff contends that McWhite promised "I will make no changes with you for at least two years." As defendants point out, given the fact that Grossman had told Goldstein that he would be required to move to New York, it is possible that McWhite merely meant that he would not transfer plaintiff to New York, and not that Kellwood would employ plaintiff for two years. Furthermore, even if we interpret the conversation as plaintiff urges, the contract is still indefinite because the parties did not discuss Goldstein's duties or salary. "For oral contracts to be enforceable under Georgia law it must be shown that there was a meeting of the minds of the contracting parties—mutuality—as to every essential element of the oral agreement." *Super Valu Stores, Inc. v. First Nat'l Bank of Columbus, Georgia,* 463 F.Supp. 1183, 1193 (M.D.Ga.1979). In the instant case, the parties did not reach this level of agreement, and thus, defendants' motion for summary judgment as to plaintiff's claim for breach of oral contract is GRANTED [20].

B) Plaintiff's Claims for Pension and Severance Benefits

■ Both plaintiff's claims for pension and severance benefits are governed by ERISA. Accordingly, at trial, plaintiff must carry the burden of proof, demonstrating that he is entitled to recover under ERISA's civil enforcement provision, 29 U.S.C. § 1132. *Questech, Inc. v. Hartford Accident and Indemnity Co.,* 713 F.Supp. 956, 964 n. 20 (E.D.Va.1989); *Carr v. Trustees of the Hotel & Restaurant Employees and Bartenders Int'l Union Pension Fund,* 585 F.Supp. 949 (E.D.Pa.1984). Because plaintiff's claims are

governed by ERISA, plaintiff is required to exhaust administrative claim and appeal procedures available under the pension and severance plans and must plead exhaustion before filing suit to obtain relief under ERISA. *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 159 (11th Cir.1992).

■ ERISA requires employers to establish procedures for reviewing employee claims. 29 U.S.C. § 1133. Consequently, the Kellwood Pension Plan provides that a person whose claim has been denied may request a review of the denial decision within sixty (60) days in writing to any of the plan fiduciaries. After obtaining this review, the plan adds that suit may be filed in federal or state court. Kellwood Company Pension Plan Summary Plan Description, pp. 16–17. Similarly, the Severance Plan explains that review of a denied claim can be requested in writing within sixty (60) days after the claim is denied to the plan administrator. Summary Plan Description of Kellwood Company Severance Assistance Program, pp. 5–6.

Defendants contend that Goldstein never filed a written request for a review of his pension and severance claim denials. To support this assertion, defendants submit an affidavit of James C. Mays, Kellwood's director of human resources. In the affidavit, Mays explains that he would either receive or become aware of appeals of benefit or claim denials relating to the pension and severance plans and that neither he nor any member of the Kellwood Company Pension Committee received any written or oral request from Goldstein for a review of his claims. Yet, plaintiff maintains that he "appealed" the decisions because he contacted Balfour Lipscomb, his division employee relations manager, and William McKenna, the Kellwood Chairman, about his benefits. Plaintiff also suggests that he was somehow mislead by defendants, but the Court cannot find any clear evidence in the record indicating that defendants mislead Goldstein. The language in both plans is clear, and the Eleventh Circuit mandates that the written terms of an employee benefit plan must be followed.

*Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir.1986).

■ An employee is allowed to bypass ERISA's exhaustion requirement if it would be futile for the employee to pursue the established appeals process. However, bare allegations of futility are insufficient; to succeed on this issue plaintiff must present evidence of futility. *Springer v. Wal–Mart Associates' Group Health Plan*, 908 F.2d 897, 901 (11th Cir.1990). Goldstein does not make a positive showing of futility. Therefore, defendants' motion for partial summary judgment as to plaintiff's claims for pension and severance benefits is GRANTED.[3]

### III.  JURY TRIAL MOTIONS

■ Several motions concerning plaintiff's request for a jury trial are pending. First, defendants filed a motion requiring plaintiff to demand a jury trial if plaintiff desires a trial by jury [3]. In response, plaintiff filed a demand for a jury trial on November 4, 1994 [8]. Defendants then filed a motion to strike plaintiff's request for a jury trial as to plaintiff's ERISA claims [9]. The Eleventh Circuit has held that plaintiff's are not entitled to jury trials under ERISA because such claims are equitable in nature. *Blake v. Unionmutual Stock Life Ins. Co. of America*, 906 F.2d 1525, 1526 (11th Cir.1990). Thus, defendants' motion to strike plaintiff's request for a jury trial [8] is GRANTED. Defendants' motion for an order requiring plaintiff to demand a jury trial [3] is DENIED AS MOOT, and plaintiff's demand for a jury trial [8] is DENIED.

### IV.  PLAINTIFF'S MOTION TO COMPEL

■ Plaintiff filed a motion to compel defendant Kellwood to answer plaintiff's interrogatories and produce documents requested by the plaintiff. The motion does not, however, comply with the Local Rules of the United States District Court for the Northern District of Georgia ("Local Rules"). Local Rule 225–4 requires counsel to state

---

**3.** Plaintiff filed a motion to extend time to respond to defendants' motion for partial summary judgment on June 5, 1992, but filed his response on June 28, 1995. The motion for an extension of time [21] is therefore DENIED AS MOOT.

specific objections, to state the grounds for each objection, and to cite authority supporting the motion. Local Rule 225–4. Plaintiff does not provide the Court with enough information to warrant a motion to compel. As a result, the motion to compel [13] is DENIED WITH LEAVE TO RENEW; plaintiff has leave to renew the motion in conformity with the Local Rules, if plaintiff deems renewal advisable after considering this Order.[4]

## V. THE TRUSTEE

As a final issue, the Court recognizes that the Trustee, who is also listed as a defendant in this case, has not been served. In accordance with Rule 4(m) of the Federal Rules Civil Procedure and Local Rule 230–2, the Court may dismiss an action without prejudice as to any defendant not served within 120 days after the filing of the complaint. Hence, plaintiff's claims against the Trustee are DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

In summary, defendants' motion to transfer the case to a more convenient forum [4] is DENIED. Plaintiff's motion to extend time to respond to defendants' motion for partial summary judgment [21] is DENIED AS MOOT. Defendants' motion for partial summary judgment [20] is GRANTED, removing plaintiff's oral contract claim and claims for pension benefits and severance pay. Plaintiff also alleges that he is entitled to three weeks vacation pay for 1993 and four weeks vacation pay for 1994. The vacation benefits claim against defendants Kellwood and the Administrator remains for trial.[5] Plaintiff's filed a demand for a jury trial [8], and accordingly, defendants' motion for an order requiring plaintiff to demand a jury trial [3] is DENIED AS MOOT. Defendants' motion to strike plaintiff's request for a jury trial as to plaintiff's ERISA related claims [9] is GRANTED. Consequently, plaintiff's demand for a jury trial [8] is DENIED as to plaintiff's ERISA related claims. Plaintiff's motion to compel [13] is DENIED WITH LEAVE TO RENEW as described in this order. Finally, the clerk is DIRECTED to DISMISS WITHOUT PREJUDICE plaintiff's claims against the Trustee.

It is so ORDERED.

4. The Court recognizes "that summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery," *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865 (11th Cir.1988), and has therefore considered the relevance of plaintiff's interrogatories and document requests. Defendants maintain that plaintiff is not eligible for benefits because he was not an employee of G & O, but rather, worked as an independent contractor. They further allege that Goldstein served Kellwood as an independent contractor until 1990, when his status was changed, and he became a regular Kellwood employee. Plaintiff, of course, disputes defendants' assertions, arguing that he did not serve as an independent contractor for either G & O or Kellwood and is therefore eligible for benefits. However, since the Court grants partial summary judgment for the defendants on the severance and pension claims because plaintiff failed to plead and argue exhaustion, and not on the basis that plaintiff was an independent contractor, the information sought by plaintiff in his discovery requests would not alter the Court's decision. Moreover, the information sought does not pertain to plaintiff's oral contract claim; the Court has all the necessary facts before it to determine summary judgment on the oral contract claim.

5. In their motion for partial summary judgment defendants do not discuss plaintiff's claim for vacation benefits in detail. The Court is unsure why defendants characterize their motion as a motion for partial summary judgment. It is possible that defendants classified the motion as a partial motion because it does not include all three defendants, and that they intended to request summary judgment as to the vacation pay claim. In any case, because defendants have an initial burden on this summary judgment motion, *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir.1993), and fail to make their intentions clear with respect to this claim, plaintiff's claim for vacation benefits remains for trial.