[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2005
THOMAS K. KAHN
CLERK

No. 04-16614
Non-Argument Calendar

_____

D.C. Docket No. 03-02688-CV-BBM-1

MAURICE MCKENZIE,

                                        Plaintiff-Appellant,

        versus

U.S. DEPARTMENT OF JUSTICE,
DRUG ENFORCEMENT AGENCY, et. al.

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 19, 2005)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Maurice McKenzie, a prisoner proceeding pro se and in forma pauperis, appeals the district court's dismissal of his civil action, brought pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), for failure to comply with the applicable statute of limitations. Because the district court correctly applied Georgia's two-year personal injury limitations period to McKenzie's Bivens claim, and because McKenzie did not file his complaint within this period, the district court properly dismissed his action pursuant to 28 U.S.C. § 1915A. Accordingly, we AFFIRM.

## I. BACKGROUND

On 8 September 2003, McKenzie, a prisoner incarcerated in Alabama, filed a complaint in the district court, naming as defendants John Ashcroft, the U.S. Attorney General; Robert C. Bonner, the Administrator of the Drug Enforcement Agency ("DEA"); Garfield Hammond, Jr., the special Agent in charge of the Atlanta Division Office of the DEA; and two "John Doe" DEA agents assigned to the Atlanta office. McKenzie alleged in his complaint that, on 25 March 1996, he used a one-way ticket he purchased with cash to travel from Savannah, Georgia to Miami, Florida, via Atlanta. He stated that he was traveling under an assumed name, "Emanuel Askew." R1-1 at 3. Upon his arrival at the Atlanta airport, McKenzie was apprehended by the John Doe agents. After the agents interviewed

2

McKenzie, they searched him and discovered that he possessed $9,580. McKenzie alleged that he was then told he was free to leave, and he was never advised that the money was being seized for any purpose or that he was suspected of criminal activity. After he was released, McKenzie alleged that the agents examined the currency with the aid of a drug detector dog. McKenzie claimed that the dog alerted to the money, and the currency was seized, but he was never informed of the seizure or that the agents suspected the money was related to drugs.

McKenzie alleged that the agents, after conducting an investigation, discovered that he was the same person who had been detained and who had identified himself as Emanuel Askew, but the agents nevertheless failed to notify him that the funds had been seized and that forfeiture proceedings had commenced. By 27 March 1996, McKenzie claimed, the agents had obtained information regarding his date of birth, race, national origin, physical description, address, social security number, and phone number. He maintained that on 1 July 1996, a Declaration of Forfeiture was issued in relation to the seized funds, indicating that $9,580 had been seized from "Maurice McKenzie a/k/a Emanuel Askew," but he was never notified of the proceedings.

3

McKenzie raised five claims in relation to the forfeiture, including violations of his Fifth Amendment due process rights and violation of his Fourth Amendment rights. He sought compensatory damages, in the amount of $25,000 as to each of the five defendants; punitive damages in the amount of $10,000, as to each of the five defendants; and "other relief as it may appear Plaintiff is entitled." R1-1 at 8.

Upon the district court's request, McKenzie clarified his complaint, and deleted John Ashcroft as a defendant. He reiterated his claims against Bonner, Hammond, and the John Doe agents and requested relief pursuant to 18 U.S.C. § 1346. The district court, interpreting McKenzie's claims as a Bivens action, initially determined under 28 U.S.C. § 1915A that the suit was not frivolous, and allowed it to proceed. The district court directed that the defendants be served summons in relation to McKenzie's suit. Several months later, in relation to McKenzie's inquiry about the status of his suit, the government attorney representing the DEA and the Department of Justice filed a status report, indicating that none of the individually-named defendants had been served with a summons or a complaint. The government also noted that Bonner had retired as administrator of the DEA in 1993, and was not the administrator during the events that McKenzie alleged.

Before the named defendants were served, the district court reconsidered its earlier frivolity determination, concluded that McKenzie's claims were time-barred, and <u>sua sponte</u> dismissed his complaint pursuant to 28 U.S.C. § 1915A. The district court reasoned that it was apparent from the complaint that McKenzie could prove no set of facts that would avoid the statute of limitations bar because a federal court considering <u>Bivens</u> actions is required to apply the forum state's statute of limitations for personal injury, and in the instant case, McKenzie did not file his complaint within the applicable two-year statute of limitations.

## II. <u>DISCUSSION</u>

On appeal, McKenzie argues that the dismissal of his complaint as time-barred is contrary to the established record. He notes that the district court originally concluded that his action was not frivolous, but subsequently dismissed his action as time-barred. He then argues that written notice to each party who appears to have an interest in the seized property is required in forfeiture proceedings. Here, McKenzie contends that the government failed to provide sufficient notice of the forfeiture proceedings, and, thus, deprived him of his constitutional rights. Further, he contends that when notice is inadequate a default judgment should be voided, and, relying upon a Fifth Circuit decision, he states that "'[c]onstitutionally ineffective notice renders forfeiture orders void because

5

the court lacks jurisdiction to enter them.'" Appellant's Br. at 4 (quoting

Kadonsky v. United States, 216 F.3d 499, 506 (5th Cir. 2000)).

We review de novo questions concerning the application of a statute of limitations. Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999). Here, the district court dismissed McKenzie's complaint under § 1915A, but did not specify which subsection of § 1915A warranted the dismissal. Although we have stated that dismissals under § 1915A for failure to state a claim are reviewed de novo, see Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001), we have not indicated which standard of review governs frivolity dismissals under 28 U.S.C. § 1915A. Other circuits are split as to whether the correct standard of review for a frivolity dismissal under § 1915A is de novo or abuse of discretion. Compare Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004) (de novo), with Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (abuse of discretion). As discussed below, however, under either standard, McKenzie's claim fails.

Section 1915A(a) requires the district court to perform a screening review of any civil complaint filed by a prisoner against a government official. Such complaint may be dismissed if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b)(1). We have ruled,

in the context of an in forma pauperis frivolity determination under 28 U.S.C. § 1915, that "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). We have explained that, "[t]o dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003), citing Leal, 254 F.3d at 1280.

A Bivens action is governed by the same statute of limitations that governs 42 U.S.C. § 1983 actions. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). We have held that the Georgia two-year personal injury limitations period, O.C.G.A. § 9-3-33, applies to § 1983 actions in a Georgia district court. Mullinax v. McElhenney, 817 F.2d 711, 715-16 (11th Cir. 1987);. The Georgia two-year personal injury limitations period, therefore, applies to McKenzie's Bivens claim. Kelly, 87 F.3d at 1238. Civil rights claims begin to accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. Mullinax, 817 F.2d at 716.

In the instant case, McKenzie asserts in his complaint that he was apprehended by the John Doe agents, and the forfeited funds were seized, on 25 March 1996. McKenzie does not specify when he learned that the funds had been forfeited, or when he discovered that the agents knew his identity prior to the forfeiture proceedings but failed to notify him of the proceedings. He does contend, however, that by 27 March 1996, the agents knew his real identity and other personal information, and on 1 July 1996, a Declaration of Forfeiture was issued in regards to the funds. Accordingly, although the exact date of his discovery of the injury is unclear from the record, McKenzie had reason to know of his injuries sometime in 1996. McKenzie filed his complaint on 8 September 2003, significantly longer than two years after the alleged wrongful action, and, therefore, in violation of the applicable statute of limitations.

Moreover, McKenzie's reliance upon Kadonsky is misplaced because in that case the Fifth Circuit addressed a direct challenge to inadequate notice in the context of forfeiture proceedings, not a separate Bivens action alleging civil rights violations. Finally, to the extent that McKenzie contends the district court erred in revisiting its initial ruling that his complaint was not frivolous under § 1915A, he has failed to cite to any authority supporting that argument. Moreover, the

wording of § 1915A does not indicate that a district court may only conduct one review of a prisoner's <u>pro se</u> civil action.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the district court did not err in determining that McKenzie's complaint was time-barred and dismissing the complaint under § 1915A.  The dismissal is **AFFIRMED.**