[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10761
Non-Argument Calendar

_____

D. C. Docket No. 03-01246-CV-JEC-1

JOHN WALKER, JR.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
WARDEN WILLIE SCOTT,
PHYSICIAN JOHN DOE,
COUNSELOR MASTERS,
UNIT MANAGER STONE,
et al.,

Defendants-Appellees,

FEDERAL BUREAU OF PRISONS,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 23, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

John Walker, a federal prisoner, appeals the dismissal of his civil complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, and <u>Bivens v. Six Unknown Agents & Federal Bureau of Narcotics,</u> 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the denial of his motions for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP") and for appointment of counsel in the district court.

Walker raises four issues on appeal. First, Walker challenges that the district court erred in dismissing his complaint without prejudice. He argues that a "blind and pauperized prisoner" could not obtain the addresses of the named defendants or arrange for service of process from prison. Walker contends that he "made a mighty effort" to arrange service. Second, Walker argues that the district court erred in denying his motion for appointment of counsel in the district court. Walker acknowledges that he has no right to counsel, but contends that the extraordinary circumstances present here of the defendants' conduct causing him to go blind and preventing him from representing himself warrants appointment of counsel. Third, Walker argues that the district court's denial of IFP status and appointment of counsel constituted a denial of meaningful access to the courts. Walker argues that a blind <u>pro</u> <u>se</u> litigant cannot effectively pursue a legal action.

2

Finally, Walker argues on appeal that the district court erred in denying IFP status. Walker describes himself as a "pauper" and notes that we granted him IFP status on appeal even though his assets remained the same.

However, we need not consider these issues on appeal because Walker's suit is barred by the statute of limitations.

We review de novo questions concerning the application of a statute of limitations. Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999). In the context of an IFP frivolity determination under 28 U.S.C. § 1915, "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). We have further explained, "[t]o dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

Federal officials may be sued in their individual capacities for violations of an individual's constitutional rights. Bivens, 403 U.S. at 397, 91 S.Ct. at 2005. The statute of limitations applicable to 42 U.S.C. § 1983 actions applies to Bivens claims. Kelly v. Serna, 87 F.3d 1235, 1239 (11th Cir. 1996). Section 1983 claims

are governed by the forum state's residual personal injury statute of limitations. City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The Georgia two-year personal injury limitations period applies to § 1983 actions in a Georgia district court. Mullinax v. McElhenney, 817 F.2d 711, 715-16 (11th Cir. 1987). A cause of action accrues for purposes of the statute of limitations in § 1983 and Bivens cases when the plaintiff knows or has reason to know of an injury and who has inflicted it. Kelly, 87 F.3d at 1238-39.

The FTCA is a congressional waiver of sovereign immunity that allows the government to be sued under certain circumstances for particular tortious acts committed by employees of the government. 28 U.S.C. § 2674. "The Federal Tort Claims Act (FTCA) provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." McNeil v. United States, 508 U.S. 106, 107, 113 S.Ct. 1980, 1981, 124 L.Ed.2d 21 (1993). The FTCA imposes a two-year statute of limitations within which tort claims against the United States must be "presented in writing to the appropriate Federal agency." 28 U.S.C. § 2401(b). A claim under the FTCA accrues when the plaintiff has knowledge of an injury and its cause. United States v. Kubrick, 444 U.S. 111, 123, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979).

4

Upon review of the record and upon consideration of the parties' briefs, we find no reversible error as to this issue.

In his argument on appeal challenging the district court's dismissal of his complaint, Walker does not challenge the court's finding that his claims - under the FTCA or Bivens - were barred by the statute of limitations, nor does he state anything that could be liberally construed as a challenge to the court's finding. We will not consider issues that are not raised in an initial brief. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004). While we liberally construe pro se pleadings, we will not act as de facto counsel for pro se parties. See GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Thus, we hold that Walker has abandoned any challenge to the district court's dismissal of his complaint as barred by the statute of limitations.

Even if Walker preserved a challenge on this ground, the district court properly found that Walker's claims were barred by the statute of limitations. First, the district court correctly found that Walker's Bivens claims would be barred by the statute of limitations. Walker's complaint, dated April 30, 2003, was filed more than three years after he was transferred from the United States Penitentiary in Atlanta ("USP Atlanta") on April 3, 2000. Walker's complaint reflects that his eye problems worsened throughout his nearly four year term at

5

USP Atlanta and that he was aware of the injury by April 3, 2000 at the latest. Thus, Walker's Bivens claims were beyond the two-year statute of limitations period, unless equitable tolling applied. We have declined to decide whether the statute of limitations is tolled in a § 1983 case while a petitioner is pursuing administrative remedies. See Leal v. Georgia Dept. of Corrections, 254 F.3d 1276, 1280 (11th Cir. 2001). Even if tolling applied, however, Walker's complaint only reflects that he pursued administrative remedies from February 2002 to January 2003, which would still leave his complaint outside of the two-year period. Thus, the district court properly found that Walker's Bivens claim was barred by the statute of limitations.

Second, the district court also correctly found that Walker's FTCA claims were barred by the statute of limitations. Walker's complaint states that he filed his administrative claim on March 30, 2002. We know that Walker has alleged no injury after he was transferred from USP Atlanta on April 3, 2000. Therefore, to fall within the two-year statute of limitations period, Walker's claim must have accrued between March 30, 2000, and April 3, 2000, the date he was transferred from USP Atlanta. Walker's complaint only states that he was placed in a separate area in preparation for his transfer during those four days and does not allege that any injury occurred or that any preexisting injury was exacerbated during that time.

Walker also does not indicate that he learned of any injury after he left USP Atlanta. To the contrary, Walker's complaint reflects that he was injured at USP Atlanta and was aware of his eye injuries before March 30, 2000. Because Walker's complaint does not reflect any set of facts that he could prove to satisfy the statute of limitations, the district court properly found that Walker's FTCA claims were barred by the statute of limitations.

**AFFIRMED.**