[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13680
Non-Argument Calendar

_____

D. C. Docket No. 07-01505-CV-CAM-1

JESUS MARIA LOPEZ,

Plaintiff-Appellant,

versus

MICHAEL WALLACE, Attorney at Law,
STEPHANIE STUCKEY BENFIELD, Attorney at Law,
TRACI SODERBERG, Assistant District Attorney,
DAVID KEETON, Assistant, VP, Business
Development,(LOMA),
DETECTIVE DAVID P. HENRY, Gwinnett County Police
Department, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 25, 2008)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jesus Maria Lopez, a pro se Colombian citizen incarcerated in a Georgia prison, appeals: (1) the dismissal, pursuant to 28 U.S.C. § 1915A(b)(1), of his civil action against three detectives involved in his arrest, his trial and appellate attorneys, and two prosecuting attorneys, alleging that they violated his Vienna Convention on Consular Relations ("VCCR") rights by depriving him the opportunity to contact the Colombian Consulate; and (2) the district court's denial of his motion for reconsideration. On appeal, Lopez maintains that (1) the district court erred in sua sponte dismissing his 28 U.S.C. § 1350 and 42 U.S.C. § 1983 claims, as the court erred by applying § 1983's two-year statute of limitation instead of § 1350's ten-year statute of limitation; and (2) the plain language of Article 36 of the VCCR creates an individual right to consular communications, which is enforceable through a private cause of action under §§ 1983 and 1350.

We review de novo a sua sponte dismissal for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001). A district court's denial of a motion to reconsider is reviewed for an abuse of discretion. Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000).

2

Additionally, we review questions concerning the application of a statute of limitations de novo. Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999). We liberally construe pro se pleadings, holding them to a less stringent standard than attorney-drafted pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). If a district court does not address an argument, we can remand the issue for the district court to consider in the first instance. See Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1342 n.6 (11th Cir. 2004).

In his complaint, Lopez alleged that he suffered substantial harm because the defendants failed to notify the Columbian Consulate of his arrest, in violation of his rights under Article 36 of the VCCR. (Compl. 6) Article 36 of the VCCR states that signatory States shall inform an alien's consulate when he is arrested or imprisoned, and the arresting State shall inform the alien of his right to consulate contact. Vienna Convention on Consular Relations, art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 101, T.I.A.S. No. 6820. We, like most of our sister circuits, have not squarely addressed whether Article 36 grants individual rights, enforceable under § 1983 or § 1350, though we have suggested that it does not. See e.g., Maharaj v. Sec'y for Dep't of Corr., 432 F.3d 1292, 1307 (11th Cir. 2005) ("[O]ur precedent . . . supports the idea that the Vienna Convention does not confer judicially enforceable individual rights." (emphasis in original)).

The district court dismissed Lopez's complaint sua sponte, finding that Lopez "has no 'judicially enforceable' right to consular assistance under the VCCR" and that even if he had such a right, the allegations in his complaint were too speculative to state a claim. (D. Ct. Order and Op. 5 (July 12, 2007)) In so finding, the district court only discussed the requirements for stating a claim for relief under 42 U.S.C. § 1983. In Lopez's motion for reconsideration, he argued that the district court "should conclude that Lopez can proceed with his civil action pursuant to 42 § 1983 and 28 U.S.C. § 1350 for damages." (Mot. for Recons. 3) The district court denied Lopez's motion, again finding that "Plaintiff does not have, in this Circuit, an individually enforceable right to consular assistance under the VCCR," but even assuming he did, he would not be entitled to relief because his complaint did not reveal any actionable harm and any such claim would be time-barred based on Georgia's two-year statute of limitations clause for § 1983 actions. (D. Ct. Order 4-5 (Sept. 20, 2007)) Once again, the district court did not consider Lopez's cause of action under 28 U.S.C. § 1350.

We agree with the district court that even if we assume that Article 36 does grant individual rights enforceable under § 1983, any such claim would be time-barred by Georgia's two year statute of limitations. Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998) (Georgia's two-year personal injury statute of limitations

4

applies to actions brought pursuant to 42 U.S.C. § 1983).  Thus, the district court did not err in sua sponte dismissing Lopez's § 1983 claim.

The district court did, however, abuse its discretion in failing to consider Lopez's claim under § 1350.  Section 1350 states that district courts have jurisdiction to hear actions brought by aliens for torts committed in violation of treaties, and we have held that the Act has a ten-year statute of limitations.  28 U.S.C. § 1350; Cabello v. Fernandez-Larios, 402 F.3d 1148, 1153 (11th Cir. 2005).  The Supreme Court has held that § 1350 is jurisdictional, but it recognizes that there is a set of common law norms that may be enforced through the grant of jurisdiction.  Sosa v. Alvarez-Machain, 542 U.S. 692, 729 (2004).

Neither the district court's sua sponte order dismissing Lopez's complaint, nor its order denying his motion to reconsider, addressed whether, liberally construed, the complaint asserted an action under § 1350, or if § 1350's ten-year statute of limitations should have been applied.  Because the district court did not consider Lopez's argument in his motion for reconsideration that he had raised a § 1350 claim, we remand this case for the district court to address in the first instance whether Lopez's complaint actually raised a § 1350 claim, and, assuming that it did, whether the claim could survive § 1915A review.  Accordingly, we affirm in part and vacate and remand in part.

5

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**